Ronald H. Freshman, Esq. (SBN # 225136)
**LAW OFFICES OF RONALD H. FRESHMAN**
3040 Skycrest Drive
Fallbrook, CA 92028
Telephone: (858) 756-8288
Facsimile: (858) 964-1728

Attorney for ANTON A. RIVERA and DENISE A. RIVERA

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re:

Anton A. Rivera
Denise A. Rivera,

        Debtors

Case No.: 14-54193 MEH 13

BAP No. NC-15-1120

Assigned For All Purposes to:
Hon. Judge M. Elaine Hammond

**REQUEST FOR CERTIFICATION OF APPEAL; STATEMENT OF ISSUES; RELIEF SOUGHT; AND DESIGNATION OF RECORD ON APPEAL**

    Pursuant to 28 U.S.C. §158(d)(2) Anton Andrew Rivera and Denise Ann Rivera, Plaintiffs/Appellants ("Appellants"), by and through their associated counsel, respectfully submit this Request for Certification with Background of Issues, Statement of Issues, Relief Sought and Designation of Record to be presented on appeal from the decision of the United States District Bankruptcy Court of the Northern District of California, San Jose Division, Ninth Circuit, on

Law Offices of Ronald H. Freshman
3040 Skycrest Drive
Fallbrook, CA 92028
Tel. (858) 756-8288

March 30, 2015 in reference to the Objection to Proof of Claim #2-1 in Case Number 14-54193 MEH 13. (Order attached).

## I. REQUEST FOR CERTIFICATION

### A. BACKGROUND

This is the second appeal brought by the Rivera's in this Bankruptcy proceeding. The first was specific to the issue of standing in which the Rivera's adversary proceeding was improperly dismissed on the basis the Rivera's lacked "standing" to challenge Deutsche Bank's claim to be their creditor. The BAP agreed with the Riveras in that the Riveras had alleged and properly pled their claim to determine the extent and validity of Deutsche's "lien" and Deutsche's violation of 15 U.S.C. § 1461(g). The matter was remand on or about December 18, 2014. This appeal is specific to the determination of the amount being claimed by Chase, on behalf of Deutsche, as due and owing to on the Subject Loan and denial of Appellants Objection to Deutsche's claim.

On January 22, 2013, JP Morgan Chase Bank National Association (hereinafter "Chase") submitted a Proof of Claim on behalf of Deutsche National Trust Company as Trustee of the WaMu Mortgage Pass Through Certificates Series 2005-AR6 Trust. (hereinafter referenced as "REMIC Trust"). This claim stated the Riveras owed a principal balance of $468,601.71 with arrears of $106,389.03 resulting in a total claim amount of $532,272.10.

On or about February 28, 2013 the Riveras timely filed an objection to the proof of claim, denying the principal balance as stated on the POC as this amount contradicted with the amount claimed in a November interest adjustment letter. The Court agreed this was a material issue of fact and instructed Deutsche to provide the Court with accounting details that explained this discrepancy. Deutsche proffered two declarations, of which

Law Offices of Konald H. Freshman

3040 Skycrest Drive
Fallbrook, CA 92028
Tel. (858) 756-8288

1  neither explained the discrepancy between the letter sent to the Riveras
2  and the letter received by the Riveras from Chase.

3  The matter came for a hearing on February 25, 2015 and at that time the
4  parties heard the testimony of Margaret Dyer, a Chase representative.  In
5  her testimony, Dyer explained the application of payments had gone first
6  to escrow, then to interest, then to principal, then to any late fees or other
7  charges due on the account.  By applying the amounts paid by the Riveras
8  in this manner, the principal balance of the loan went from $440,000 to
9  $468,601.71  – and additionally, Chase had made two separate refunds of
10  "escrow overages" to the Appellants.

11  Further, four letters were introduced in which Chase had consistently
12  mailed Appellants letters, projecting the principal balance of the loan as in
13  decline. The parties also heard the testimony of William J. Paatalo, in
14  which the Court allowed his testimony on the narrow subject of the 3rd
15  party advances and the terms of the PSA.  In his testimony, Mr. Paatalo
16  stated that according to the reports in ABSNet, Washington Mutual
17  Securities Corp. was identified as the "Master Servicer" and was reporting
18  to the investors that payments continued on the Subject Loan; and that in
19  addition, the PSA governing the REMIC Trust called for 3rd parties to
20  advance those payments to ensure no losses to the investors.    The PSA
21  specifically states that the 3rd parties may recoup their advances either
22  through a *foreclosure, payments on the loan when resumed, insurance or other*
23  *loan payments in the REMIC Trust.*  As of February 25, 2015 there was no
24  evidence that any of the advances had been reimbursed.

25  Deutsche also presented the alleged "original" Note, Deed of Trust and
26  Riders, in which Mrs. Rivera reviewed the document and noted the
27  signatures varied between one document and the other.  The Chase
28  witness was unable to provide any details on the chain of possession of the

STATEMENT OF ISSUES AND DESIGNATION OF RECORD – RIVERA APPEAL    -3

Law Offices of Ronald H. Freshman
3040 Skycrest Drive
Fallbrook, CA 92028
Tel. (858) 756-8288

documents, other than they were in the possession of Deutsche's counsel, Keesal, Logan & Young.

**B. <u>STATEMENT OF ISSUES ON APPEAL</u>**

1) **Can a servicer change the priority of application of payments in violation of the Deed of Trust contract?** Of primary concern is the Subject Deed of Trust specifically calls for the application of the Riveras' payments first to interest, then to principal, escrow and finally to any outstanding fees or charges. (See Evidentiary Hearing Exhibit 2, DOT,) The Court misstates the order in which Chase applied the payments, clearly misstating the evidence presented by Chase at the evidentiary hearing. Specifically the Court states at p.12: 13-16:

> In contrast, escrow payments were due each month. (DOT § 3). The loan history establishes that payments were applied to interest and escrow each month. This conforms with Section 2 of the DOT: **<u>first to interest, then to escrow</u>** as no principal amount was due during this period. Accordingly, no adjustment to the Claim is required.

What the evidence overwhelmingly showed was that payments were applied to escrow first, creating an *underpayment* of the interest which then was placed into the principal balance in a blatant violation of the Deed of Trust terms. As a result of the misapplication of payments the principal balance rose by over $40,000 dollars; had the payments been applied pursuant to the terms of the contract, the balance of the loan would be no more than $400,000.00. This misapplication has impacted the Appellants not only in terms of the amounts they have due and owing, but also Appellants have been denied a HAMP modification based on the inaccurate amounts being calculated by Chase.

STATEMENT OF ISSUES AND DESIGNATION OF RECORD – RIVERA APPEAL    -4

2) **Can the alleged "noteholder" receive payments from an undisclosed party, then collect on those payments by concealing the Noteholder has been paid?** At the time of the Bankruptcy filing, 3rd parties had advanced payments on the Subject Loan to ensure that no default was incurred by the "investors" of the Securitized Trust. This fact was not contested by either party. In fact, as noted by both Remittance Reports being submitted to the investors and in letters to the Appellants, the principal balance of the loan was in decline. The Court has determined that since these payments were not made on behalf of the Appellants, they may not inure to the Appellants benefit. Appellants disagree. Deutsche had a legal obligation to notify both the Court and the Appellants that it had received the payments from undisclosed parties. If the noteholder has an actual liability for those payments, then Deutsche had a legal obligation to designate that liability and terms in which it may incur that liability. It cannot seek to recoup payments for undisclosed 3rd parties, especially if those parties were paid through insurance payments and not by Deutsche.

3) **Can Deutsche proffer a counterfeit Note as the original Note in a Proof of Claim Hearing?** At the time of the evidentiary hearing, Deutsche introduced the "original note "which Mrs. Rivera noted the signatures between the documents were not consistent and odd. Approximately five weeks later, Appellants expert, Dr. James Kelley, Ph.D., a forensic examiner with 30 years' experience, inspected the Note, Deed of Trust, and Riders which were proffered as the "original" being kept under lock and key. His findings are the Note is a copy – a counterfeit – with the Appellants signatures forged on to the counterfeit Note and the endorsement (which Appellants have maintained is fraudulent) being printed (not stamped) onto the counterfeit.

**C. RELIEF SOUGHT**

1) Appellants seek a reversal of the Order, requiring the Court to apply the payments pursuant to the contractual terms of the deed of trust including applying payments first to interest then to principal; then to escrow then to other charges;

2) Appellants seek a reversal of the Order, requiring the Court to determine damages suffered by Appellants to offset amounts due and owing to the real creditor.

3) Appellants seek a reversal of the Order, requiring the Court to consider and investigate the fraud aspects of a party claiming nonpayment on behalf of undisclosed 3rd parties.

3) Appellants seek an investigation by the US Trustee on the uttering of counterfeit Promissory Notes and Deeds of Trust in a bankruptcy proceedings.

## II.   DESIGNATION OF RECORD ON APPEAL

Plaintiffs/Appellants designate the following items to be included in the record on appeal including additional documents as designated below.

| Filing Date | Docket # | Docket Text |
|-------------|----------|-------------|
| 12/07/2012 | 1 | Chapter 13 Voluntary Petition, Filed by Debtors Anton Andrew Rivera , Denise Ann Rivera (Entered: 12/07/2012) |
| 12/10/2012 | 2 | Meeting of Creditors with Certificate of Service. 341(a) meeting to be held on 1/17/2013 at 09:00 AM Oakland U.S. Trustee Office Objection to Dischargeability due by 3/18/2013 Proofs of Claims due by 4/17/2013 (Bronitsky, Martha (cr)) (Entered: 12/10/2012) |

Law Offices of Ronald H. Freshman
3040 Skycrest Drive
Fallbrook, CA  92028
Tel. (858) 756-8288

| | | |
|---|---|---|
| 12/26/2012 | 8 | Statistical Summary of Certain Liabilities., Summary of Schedules , Schedules A - J,Declaration Concerning Debtor's Schedules , Statement of Financial Affairs , Chapter 13 Statement of Current Monthly and Disposable Income (Form 22C) Filed by Debtors (Attachments: # 1 Schedule part-1) (lb) (Entered: 12/26/2012) |
| 12/26/2012 | 9 | Chapter 13 Plan Filed by Debtors. (Entered: 12/26/2012) |
| 12/28/2012 | 13 | Request for Notice *with Proof of Service* Filed by Creditor Deutsche Bank N.A. (Kovadi, Parada) (Entered: 12/28/2012) |
| 01/09/2013 | 16 | Adversary case 13-04008. 21 (Validity, priority or extent of lien or other interest in property), 91 (Declaratory judgment), 14 (Recovery of money/property - other) ,72 (Injunctive relief - other) Complaint by Anton Andrew Rivera , Denise Ann Rivera against Deutsche Bank National Trust Company (Entered: 01/09/2013) |
| 01/09/2013 | 18 | Chapter 13 Statement of Current Monthly and Disposable Income (Form 22C) , Schedule B , Schedule C , Schedule J Filed by Debtors (Entered: 01/10/2013) |
| 01/09/2013 | 19 | Financial Management Course Certificate. Filed by Debtors (Entered: 01/10/2013) |
| 01/15/2013 | 20 | Amended Schedule E . Fee Amount $30 . Filed by Debtors (Entered: 01/15/2013) |
| 01/17/2013 | 21 | Objection to Confirmation of Plan Filed by Creditor Deutsche Bank National Trust Company as Trustee (Attachments: # 1 Exhibit A# 2 Exhibit |

STATEMENT OF ISSUES AND DESIGNATION OF RECORD – RIVERA APPEAL   -7

| | | | |
|---|---|---|---|
| | | | B# 3Exhibit C# 4 Certificate of Service) (Graff, Arnold) (Entered: 01/17/2013) |
| 01/18/2013 | | | Meeting of Creditors Held. ****AMENDED****Hearing concluded 01/17/13; Matter off calendar 7 days to file standard plan, serve plan with 28 days notice, file pro per declaration, amend schedule D for description and value of property listed or motion to dismiss. If done notice time to run. If objections to plan trustee to set hearing. If no objections to plan and resolves all issues trustee will recommend confirmation. Business exam conducted. (Bronitsky, Martha (rm)) (Entered: 01/18/2013) |
| 01/23/2013 | | 23 | Amended Schedule C, Schedule J. , Amended Schedule D Schedule E . Fee Amount $30 ., Statement By Debtor Not Represented By An Attorney (RE: related document(s)1 Voluntary Petition (Chapter 13)). Filed by Debtors (Entered: 01/24/2013) |
| 01/23/2013 | | 24 | Amended Chapter 13 Plan Filed by Debtors (Entered: 01/24/2013) |
| 01/23/2013 | | 25 | Memorandum of 341 Meeting. (RE: related document(s) Meeting of Creditors Held). Filed by Debtors (Entered: 01/24/2013) |
| 01/23/2013 | | 26 | Notice and Opportunity for Hearing (RE: related document(s)24 Amended Chapter 13 Plan Filed by Debtors (Entered: 01/24/2013) |
| 01/28/2013 | | 27 | Objection *To Confirmation of Second Amended Plan & Request For Dismissal* (RE: related document(s)24 Amended Chapter 13 Plan). Filed by Trustee Martha G. Bronitsky (Attachments: # 1 Certificate of Service) (Bronitsky, Martha (ls)) (Entered: 01/28/2013) |
| 01/29/2013 | | 28 | Notice of Hearing *Regarding Confirmation of Chapter 13 Plan with Certificate of Service* (RE: related document(s)9 Chapter 13 Plan Filed by Debtors **Confirmation Hearing scheduled for 3/12/2013 at 10:00 AM at Oakland Room 215 -** |

STATEMENT OF ISSUES AND DESIGNATION OF RECORD – RIVERA APPEAL     -8

Case: 14-54193   Doc# 163   Filed: 04/27/15   Entered: 04/27/15 13:48:28   Page 8 of 49

Law Offices of Ronald H. Freshman
3040 Skycrest Drive
Fallbrook, CA  92028
Tel. (858) 756-8288

| | | | |
|---|---|---|---|
| | | | **Hammond.** Filed by Trustee Martha G. Bronitsky (Bronitsky, Martha (Entered: 01/29/2013) |
| 02/28/2013 | 29 | | Third Amended Chapter 13 Plan Filed by Debtors (RE: related document(s)24 Amended Chapter 13 Plan filed by Debtors (Entered: 02/28/2013) |
| 02/28/2013 | 30 | | Amended Schedule D . Fee Amount $30 ., Amended Schedule J. Filed by Debtors (Entered: 02/28/2013) |
| 02/28/2013 | 31 | | Request For Judicial Notice In Support Of Debtors Objection To Deutsche Bank National Trust Company As Trustee Of WAMU Mortgage Pass Through Certificates Series 2005-AR6-Proof Of Claim (Claim #2). Filed by Debtors Attachments: # 1 Part 2# 2 Part 3# 3 Part 4) (Entered: 02/28/2013) |
| 02/28/2013 | 32 | | Objection To Deutsche Bank National Trust Company As Trustee Of WAMU Mortgage Pass Through Certificates Series 2005-AR6-Proof Of Claim (Claim #2). Filed by Debtors (Attachments: # 1 Part 2) (Entered: 02/28/2013) |
| 02/28/2013 | 33 | | Debtors Brief In Support Of Opposition To Trustee Objection To Confirmation Of Second Amended Plan And Request For Dismissal. (RE: related document(s)27 Objection). Filed by Debtors (Entered: 02/28/2013) |
| 03/04/2013 | 35 | | Pre-Hearing Statement *re: Objection to Confirmation of Chapter 13 Plan with attached Proof of Service* (RE: related document(s)21 Objection to Confirmation of the Plan). Filed by Creditor Deutsche Bank National Trust Company as Trustee (Graff, Arnold) (Entered: 03/04/2013) |
| 03/05/2013 | 36 | | Joint Pre-Hearing Statement *Pursuant To Trustee's Objection To Chapter 13 Plan* (RE: related document(s)27 Objection). Filed by Trustee Martha G. Bronitsky (Attachments: # 1 Certificate of Service) (Bronitsky, Martha (ls)) (Entered: 03/05/2013) |

Case: 14-54193   Doc# 163   Filed: 04/27/15   Entered: 04/27/15 13:48:28   Page 9 of 49

Law Offices of Ronald H. Freshman
3040 Skycrest Drive
Fallbrook, CA  92028
Tel. (858) 756-8288

| | | |
|---|---|---|
| 03/05/2013 | <u>38</u> | Pre-Hearing Statement Re Objection To Confirmation Of Chapter 13 Plan (RE: related document(s)<u>32</u> Objection). Filed by Debtors Attachments: # <u>1</u> Certificate of Service) (Entered: 03/13/2013) |
| 03/12/2013 | | Hearing Continued (related document(s): <u>28</u> Notice of Hearing filed by Martha G. Bronitsky, <u>29</u> Amended Chapter 13 Plan filed by Debtors **Confirmation Hearing scheduled for 04/23/2013 at 10:00 AM at Oakland Room 215 - Hammond.** (rba ) MINUTES: MARTHA BRONITSKY CH13 TRUSTEE, ANTON AND DENISE RIVERA DEBTORS APPEARED IN PRO PER, ARNOLD GRAFF APPEARED BY PHONE ON BEHALF OF DEUTSCHE BANK. MATTER CONTINUED PENDING OUTCOME OF HEARING ON APRIL 11, 2013 at 2:00 p.m. RE ADVERSARY PROCEEDING. (Entered: 03/12/2013) |
| 03/12/2013 | <u>37</u> | 🔊 PDF with attached Audio File. Court Date & Time [ 3/12/2013 10:33:17 AM ]. File Size [ 3252 KB ]. Run Time [ 00:13:33 ]. (Entered: 03/12/2013) |
| 04/11/2013 | <u>39</u> | Joint Pre-Hearing Statement *Pursuant to Trustees Objection to Confirmation of the Chapter 13 Plan* (RE: related document(s)<u>27</u> Objection). Filed by Trustee Martha G. Bronitsky (Attachments: # <u>1</u> Certificate of Service) (Bronitsky, Martha (ms)) (Entered: 04/11/2013) |
| 04/16/2013 | <u>40</u> | Pre-Hearing Statement *on Objection to Confirmation of Plan* (RE: related document(s)<u>21</u> Objection to Confirmation of the Plan). Filed by Creditor Deutsche Bank National Trust Company as Trustee (Graff, Arnold) (Entered: 04/16/2013) |
| 04/17/2013 | <u>41</u> | Debtors Pre-Hearing Statement Re Objection To Confirmation Of Chapter 13 Plan. (RE: related document(s)<u>27</u> Objection). Filed by Debtors (Entered: 04/18/2013) |

STATEMENT OF ISSUES AND DESIGNATION OF RECORD – RIVERA APPEAL    -10

Law Offices of Ronald H. Freshman
3040 Skycrest Drive
Fallbrook, CA 92028
Tel. (858) 756-8288

| | | | |
|---|---|---|---|
| 04/23/2013 | | | Hearing Continued (related document(s): 28 Notice of Hearing filed by Martha G. Bronitsky, 29 Amended Chapter 13 Plan filed by Anton Andrew Rivera, Denise Ann Rivera **Confirmation Hearing scheduled for 06/25/2013 at 10:00 AM at Oakland Room 215 - Hammond.** (rba ) MINUTES: MARTHA BRONITSKY CH13 TRUSTEE, ANTON AND DENISE RIVERA APPEARED DEBTORS IN PRO PER, ARNOLD GRAFF APPEARED BY PHONE ON BEHALF OF DEUTSCHE BANK. MATTER CONTINUED TO ALLOW RESOLUTION OF PENDING ADVERSARY PROCEEDING. DEBTORS ARE REQUIRED ON MONTHLY BASIS TO PROVIDE THE CH13 TRUSTEE WITH PROOF OF THE SEQUESTER OF THE FUND INTO A SEPARATE ACCOUNT. (Entered: 04/24/2013) |
| 05/30/2013 | | 50 | Adversary case 13-04120Complaint by Anton Andrew Rivera , Denise Ann Rivera against JP Morgan Chase, National Association , California Reconveyance Company , Real Time Solutions, Inc. (Attachments: # 1 Part 2 of AP Complaint # 2 Part 3 of AP Complaint # 3 Part 4 of AP Complaint # 4 Part 5 of AP Complaint # 5 Part 6 of AP Complaint # 6 AP Cover Sheet) (Entered: 05/30/2013) |
| 05/31/2013 | | 56 | Brief/Memorandum in Opposition to (RE: related document(s)32 Objection). Filed by Creditor Deutsche Bank National Trust Company as Trustee (McCullough, Juliette) (Entered: 05/31/2013) |
| 05/31/2013 | | 58 | Notice of Hearing *on Opposition to Debtor's Objection to Proof of Claim # 2* (RE: related document(s)32 Objection To Deutsche Bank National Trust Company As Trustee Of WAMU Mortgage Pass Through Certificates Series 2005-AR6-Proof Of Claim (Claim #2). Filed by Debtors (Attachments: # 1 Part 2) (tl)). **Hearing scheduled for 7/18/2013 at 09:30 AM at Oakland Room 215 - Hammond.** Filed by Creditor Deutsche Bank National Trust Company as Trustee (Attachments: |

STATEMENT OF ISSUES AND DESIGNATION OF RECORD – RIVERA APPEAL     -11

Law Offices of Ronald H. Freshman
3040 Skycrest Drive
Fallbrook, CA 92028
Tel. (858) 756-8288

| | | | |
|---|---|---|---|
| | | | # 1 Certificate of Service) (McCullough, Juliette (Entered: 05/31/2013) |
| 06/17/2013 | | 61 | Joint Pre-Hearing Statement *Pursuant To Trustee's Objection To Chapter 13 Plan* (RE: related document(s)27 Objection). Filed by Trustee Martha G. Bronitsky (Attachments: # 1 Certificate of Service) (Bronitsky, Martha (ls)) (Entered: 06/17/2013) |
| 06/17/2013 | | | Hearing Held 6/17/2013 at 2:00 pm. MINUTES: ANTON RIVERA AND DENISE RIVERA APPEARED DEBTORS IN PRO PER, CHERYL ROUSE APPEARED BY PHONE ON BEHALF OF REALTIME RESOLUTIONS. THE MATTER IS TAKEN OFF CALENDAR. THE ISSUES RAISED ON OBJECTION TO CLAIM WILL BE ADDRESSED IN THE PENDING ADVERSARY PROCEEDING 13-4120. (related document(s): 44 Objection to Claim filed by Debtors (Entered: 06/17/2013) |
| 06/17/2013 | | 62 | 🔊 PDF with attached Audio File. Court Date & Time [ 6/17/2013 2:12:11 PM ]. File Size [ 2328 KB ]. Run Time [ 00:09:42 ]. ( ). (admin). (Entered: 06/17/2013) |
| 06/18/2013 | | 63 | Joint Pre-Hearing Statement *on Objection to Confirmation of Chapter 13 Plan* (RE: related document(s)21 Objection to Confirmation of the Plan). Filed by Creditor Deutsche Bank National Trust Company as Trustee (Graff, Arnold) (Entered: 06/18/2013) |

STATEMENT OF ISSUES AND DESIGNATION OF RECORD – RIVERA APPEAL    -12

Law Offices of Ronald H. Freshman
3040 Skycrest Drive
Fallbrook, CA 92028
Tel. (858) 756-8288

| 06/25/2013 | | | Hearing Held 6/25/2013 at 10:00 am. MINUTES: MARTHA BRONITSKY CH13 TRUSTEE, DENISE ANN RIVERA DEBTOR APPEARED PRO SE, ARNOLD GRAFF APPEARED ON BEHALF OF DEUTSCHE BANK. OFF CALENDAR. SHOULD THE DEBTORS SUCCESSFUL RESOLVED THE PENDING ADVERSARY PROCEEDING IN THEIR FAVOR, THEN DEBTORS HAVE THE RESPONSIBILITY OF FILING AN AMENDED PLAN AND SERVE ON ALL CREDITORS. (related document(s): 28 Notice of Hearing filed by Martha G. Bronitsky, 29 Amended Chapter 13 Plan filed by Debtors (Entered: 06/25/2013) |
| 06/25/2013 | | 64 | Amended Schedule A , Amended Schedule D. $30.00 Amendment Fee Paid. Filed by Debtors (Entered: 06/26/2013) |
| 07/18/2013 | | | Hearing Continued (related document(s): 32 Objection filed by Anton Andrew Rivera, Denise Ann Rivera) **Hearing scheduled for 10/17/2013 at 09:30 AM at Oakland Room 215 - Hammond.** (rba ) MINUTES: JULIETTE MCCULLOUGH APPEARED ON BEHALF OF DEUTSCHE BANK, NO APPEARANCE MADE BY THE DEBTORS. MOST OF THE OBJECTION TO CLAIM APPEARS TO BE DUPLICATIVE OF THE ADVERSARY PROCEEDING (13-4008). MATTER CONTINUED TO PROVIDE DETAIL ACCOUNTING OF HOW THE CLAIM AMOUNTS ARE CALCULATED. THE ONLY ISSUE THAT THE OBJECTION TO CLAIM IS CONTINUED FOR IS THE CALCULATION OF CLAIM AMOUNT. THE LEGAL ISSUES REGARDING VALIDITY AND EXISTENCE OF THE LIEN ONLY TO BE LITIGATED IN THE ADVERSARY PROCEEDING 13-4008. (Entered: 07/18/2013) |

STATEMENT OF ISSUES AND DESIGNATION OF RECORD – RIVERA APPEAL     -13

Law Offices of Ronald H. Freshman
3040 Skycrest Drive
Fallbrook, CA 92028
Tel. (858) 756-8288

| | | |
|---|---|---|
| 07/18/2013 | 65 | Motion to Dismiss Case *Trustees Motion and Declaration to Dismiss Proceedings for Case Deficiencies and Certificate of Service* Filed by Trustee Martha G. Bronitsky (Bronitsky, Martha (harbor)) (Entered: 07/18/2013) |
| 07/18/2013 | 66 | 🔊 PDF with attached Audio File. Court Date & Time [ 7/18/2013 10:06:14 AM ]. File Size [ 1028 KB ]. Run Time [ 00:04:17 ]. ( ). (admin). (Entered: 07/18/2013) |
| 08/05/2013 | 67 | Declaration of Debtor's (RE: related document(s)32 Objection, 58 Notice of Hearing). Filed by Debtors (Entered: 08/07/2013) |
| 08/07/2013 | 68 | Opposition to (RE: related document(s)65 Motion to Dismiss Case). Filed by Debtors (Entered: 08/08/2013) |
| 08/19/2013 | 74 | Request for Notice Filed by Chris Gardas Attorney Specially Appearing. (Entered: 08/21/2013) |
| 08/20/2013 | 73 (4 pgs) | Notice of Hearing *Regarding Trustee Motion to Dismiss Chapter 13 Case with Certificate of Service* (RE: related document(s)65 Motion to Dismiss Case*Trustees Motion and Declaration to Dismiss Proceedings for Case Deficiencies and Certificate of Service* Filed by Trustee Martha G. Bronitsky (Bronitsky, Martha (harbor))). **Hearing scheduled for 9/24/2013 at 10:00 AM at Oakland Room 215 - Hammond.** Filed by Trustee Martha G. Bronitsky (Bronitsky, Martha (harbor)) (Entered: 08/20/2013) |
| 08/23/2013 | 76 | Declaration of Debtor's in Support of Entry Of Order By Default (RE: related document(s)52 Request For Entry of Default, 60 Objection to Claim). Filed by Debtors (Entered: 08/23/2013) |

STATEMENT OF ISSUES AND DESIGNATION OF RECORD – RIVERA APPEAL    -14

| | | |
|---|---|---|
| | | |
| 08/26/2013 | 77 | Withdrawal of Documents (RE: related document(s)72 Motion to Dismiss Case). Filed by Trustee Martha G. Bronitsky (Bronitsky, Martha (harbor)) (Entered: 08/26/2013) |
| 10/03/2013 | 81 | Substitution of Attorney . Chris Gardas added to the case. Filed by Debtor Anton Andrew Rivera, Joint Debtor Denise Ann Rivera (Gardas, Christine) (Entered: 10/03/2013) |
| 10/15/2013 | 82 | Declaration of Geraldina Mazariegos in In Support of (RE: related document(s)56 Opposition Brief/Memorandum). Filed by Creditor Deutsche Bank National Trust Company as Trustee (Hsueh, Helen) (Entered: 10/15/2013) |
| 10/16/2013 | 83 | Stipulation to Extend Time Filed by Creditor Deutsche Bank National Trust Company as Trustee (RE: related document(s)32 Objection filed by Debtors (Hsueh, Helen) (Entered: 10/16/2013) |

STATEMENT OF ISSUES AND DESIGNATION OF RECORD – RIVERA APPEAL    -15

Law Offices of Ronald H. Freshman
3040 Skycrest Drive
Fallbrook, CA 92028
Tel. (858) 756-8288

| | | |
|---|---|---|
| 10/16/2013 | <u>84</u> | Stipulation *to Continue Hearing* Filed by Creditor Deutsche Bank National Trust Company as Trustee (RE: related document(s)<u>32</u> Objection filed by Debtor Anton Andrew Rivera, Joint Debtor Denise Ann Rivera). (Hsueh, Helen (Entered: 10/16/2013) |
| 10/16/2013 | <u>86</u> | Order Approving Stipulation To Continue Hearing On Debtor's Objection To Proof Of Claim #2. (RE: related document(s)<u>32</u> Objection filed by Debtor Anton Andrew Rivera, Joint Debtor Denise Ann Rivera, <u>85</u> Stipulation Refering to Existing Document(s) filed by Creditor Deutsche Bank National Trust Company as Trustee). (lb) Modified on 10/16/2013 (lb). (Entered: 10/16/2013) |
| 10/16/2013 | 87 | Hearing Set On (RE: related document(s)<u>32</u> Objection To Deutsche Bank National Trust Company As Trustee Of WAMU Mortgage Pass Through Certificates Series 2005-AR6-Proof Of Claim (Claim #2). Filed by Debtor Anton Andrew Rivera , Joint Debtor Denise Ann Rivera (Attachments: # 1 Part 2) (tl)). **Hearing scheduled for 12/5/2013 at 09:30 AM at Oakland Room 215 - Hammond.** (lb) (Entered: 10/16/2013) |
| 10/17/2013 | | Hearing Continued (related document(s): <u>32</u> Objection filed by Debtors **Hearing scheduled for 12/05/2013 at 09:30 AM at Oakland Room 215 - Hammond.** (rba ) MINUTES: MATTER CONTINUED TO 12/5/2013 at 9:30 am PRIOR TO HEARING TO DISCUSS RESOLUTION. |

STATEMENT OF ISSUES AND DESIGNATION OF RECORD – RIVERA APPEAL   -16

Law Offices of Ronald H. Freshman
3040 Skycrest Drive
Fallbrook, CA 92028
Tel. (858) 756-8288

| | | | |
|---|---|---|---|
| | | | ORDER ENTERED 10/16 (#86). (Entered: 10/17/2013) |
| 10/21/2013 | | | Hearing Dropped 10/22/2013 at 10:00 am. MINUTES: OFF CALENDAR. MOTION WITHDRAWN. (related document(s): 65 Motion to Dismiss Case filed by Martha G. Bronitsky) (rba ) (Entered: 10/21/2013) |
| 10/22/2013 | | 88 | Withdrawal of Documents (RE: related document(s)65 Motion to Dismiss Case). Filed by Trustee Martha G. Bronitsky (Bronitsky, Martha (harbor)) (Entered: 10/22/2013) |
| 12/05/2013 | | 89 | Emergency Motion For Leave To Substitute Attorney Filed by Debtor Anton Andrew Rivera , Joint Debtor Denise Ann Rivera (lb) (Entered: 12/05/2013) |
| 12/05/2013 | | | Hearing Continued (related document(s): 32 Objection filed by Anton Andrew Rivera, Denise Ann Rivera) **Hearing scheduled for 02/06/2014 at 09:30 AM at Oakland Room 215 - Hammond.** (rba ) MINUTES: DENISE RIVERA APPEARED DEBTOR, PHILIP MCLEOD APPEARED ON BEHALF OF DEUTSCHE BANK. MATTER CONTINUED TO ALLOW CREDITOR TIME TO FILE SUPPLEMENTAL DECLARATION TO ADDRESS ISSUE ON THE OBJECTION TO CLAIM. (Entered: 12/05/2013) |
| 12/05/2013 | | 90 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 12/5/2013 9:48:45 AM ]. File Size [ 5384 KB ]. Run Time [ 00:22:26 ]. ( ). (admin). (Entered: 12/05/2013) |
| 12/23/2013 | | 92 | Motion to Remove Counsel Filed by Debtor Anton Andrew Rivera , Joint Debtor Denise Ann Rivera (ew) (Entered: 12/24/2013) |
| 12/31/2013 | | 93 | Order Approving Substitution of Attorney (Related Doc # 92) (ew) (Entered: 12/31/2013) |

STATEMENT OF ISSUES AND DESIGNATION OF RECORD – RIVERA APPEAL     -17

| 02/06/2014 | | | Hearing Held 2/6/2014 at 9:30 am. MINUTES: DENISE ANN RIVERA-PRO SE DEBTOR APPEARED BY PHONE, PHILIP MCLEOD APPEARED ON BEHALF OF DEUTSCHE BANK. MATTER TAKEN UNDER SUBMISSION. (related document(s): 32 Objection filed by Debtors (Entered: 02/06/2014) |
|---|---|---|---|
| 02/06/2014 | | 95 | 🔊 PDF with attached Audio File. Court Date & Time [ 2/6/2014 9:35:14 AM ]. File Size [ 440 KB ]. Run Time [ 00:01:50 ]. ( ). (admin). (Entered: 02/06/2014) |
| 02/06/2014 | | 96 | 🔊 PDF with attached Audio File. Court Date & Time [ 2/6/2014 9:51:56 AM ]. File Size [ 8464 KB ]. Run Time [ 00:35:16 ]. ( ). (admin). (Entered: 02/06/2014) |
| 02/07/2014 | | 97 | Hearing Continued to 3/20/2014 at 9:30 am. MINUTES: DENISE ANN RIVERA DEBTOR IN PRO PER APPEARED BY PHONE, PHILIP MCLEOD APPEARED BY PHONE ON BEHALF OF DEUTSCHE BANK. DEBTORS SHALL FILE A DECLARATION OR EVIDENCE TO REBUT DECLARATION OF GERALDINA MAZARIEGOS FILED 10/15/2013 (#82) BY 3/6/2014. MATTER CONTINUED TO 3/20/2014 at 9:30 am. (RE: related document(s)32 Objection To Deutsche Bank National Trust Company As Trustee Of WAMU Mortgage Pass Through Certificates Series 2005-AR6-Proof Of Claim (Claim #2). Filed by Debtors (Attachments: # 1 Part 2) (tl)). **Hearing scheduled for 3/20/2014 at 09:30 AM Oakland Room 215 - Hammond for 32,** (Entered: 02/07/2014) |
| 02/07/2014 | | 98 | 🔊 PDF with attached Audio File. Court Date & Time [ 2/7/2014 12:58:50 PM ]. File Size [ 1832 KB ]. Run Time [ 00:07:38 ]. ( ). (admin). (Entered: 02/07/2014) |

STATEMENT OF ISSUES AND DESIGNATION OF RECORD – RIVERA APPEAL    -18

| | | | |
|---|---|---|---|
| 03/07/2014 | | 99 | Reply (RE: related document(s)56 Opposition Brief/Memorandum). Filed by Debtors (Attachments: # 1 part-2 # 2 part-3) (lb) (Entered: 03/10/2014) |
| 03/07/2014 | | 100 | Declaration of Denise A. Rivera in Support of Reply To Claimants Opposition To Debtor's Objection To Poc #2. (RE: related document(s)99 Reply). Filed by Debtors (Entered: 03/10/2014) |
| 03/20/2014 | | | Hearing Held 3/20/2014 at 9:30 am. MINUTES: DENISE RIVERA APPEARED DEBTOR IN PRO PER, PHILIP MCLEOD APPEARED BY PHONE ON BEHALF OF DEUTSCHE BANK. THIS MATTER IS SET FOR TRIAL. PRIOR TO TRIAL, CREDITOR SHALL FILE OPENING DECLARATION FOR TRIAL AS TO CALCULATION OF THE CLAIM AMOUNT DUE BY 5/1/2014. DEBTOR SHALL FILE RESPONSE DUE BY 6/12/2014. TRIAL SET FOR 6/25/2014 at 8:30 am. COURT WILL ISSUE A SCHEDULING ORDER. (related document(s): 32 Objection filed by Anton Andrew Rivera, Denise Ann Rivera) (rba ) (Entered: 03/20/2014) |
| 03/20/2014 | | 102 | 🔊 PDF with attached Audio File. Court Date & Time [ 3/20/2014 9:45:51 AM ]. File Size [ 10008 KB ]. Run Time [ 00:41:42 ]. ( ). (admin). (Entered: 03/20/2014) |
| 03/21/2014 | | 103 | Scheduling Order Re:Objection To Claim **Trial scheduled for 6/25/2014 at 08:30 AM at Oakland Room 215 - Hammond.** (lb) (Entered: 03/21/2014) |
| 04/11/2014 | | 105 | Amended Scheduling Order Re: Objection to Claim (RE: related document(s)103 Scheduling Order, 32 Objection filed by Debtors. **Hearing continued to 7/22/2014 at 08:30 AM Oakland Room 215 - Hammond for 32,** (ew). (Entered: 04/11/2014) |

Law Offices of Ronald H. Freshman
3040 Skycrest Drive
Fallbrook, CA  92028
Tel. (858) 756-8288

Law Offices of Ronald H. Freshman
3040 Skycrest Drive
Fallbrook, CA 92028
Tel. (858) 756-8288

| | | | |
|---|---|---|---|
| | | | |
| 05/28/2014 | | 107 (2 pgs) | Ex Parte Motion *Application to File Declaration in Support of Claim 2-1 and in Opposition to Debtors' Objection* Filed by Creditor Deutsche Bank National Trust Company as Trustee (Hsueh, Helen). Related document(s) 32 Objection To Deutsche Bank National Trust Company As Trustee Of WAMU Mortgage Pass Through Certificates Series 2005-AR6-Proof Of Claim (Claim #2). Filed by Debtor Anton Andrew Rivera , Joint Debtor Denise Ann Rivera. Modified on 5/29/2014 COURT HAS ADDED LINKAGE TO DOC 32. (tw). (Entered: 05/28/2014) |
| 05/28/2014 | | 109 | Declaration in Support of Proof of Claim 2-1 and in Opposition to Debtors' Objection (RE: related document(s)105 Amended Order, Order to Continued Hearing). Filed by Creditor Deutsche Bank National Trust Company as Trustee (Hsueh, Helen). Related document(s) 107 Ex Parte Motion Application filed by Creditor Deutsche Bank National Trust Company as Trustee. Modified on 5/29/2014 CORRECTIVE ENTRIES: COURT HAS ADDED LINKAGE TO DOC 107. COURT CORRECTED DOCKET TEXT TO MATCH PDF. (tw). (Entered: 05/28/2014) |
| 05/28/2014 | | 111 | Notice Of Limited Scope Representation By Counsel . Ronald H. Freshman added to the case. Filed by Debtors (Entered: 05/29/2014) |
| 05/29/2014 | | 112 | Ex-Parte Application to File Declaration in Support of Claim 2-1 and in Opposition to Debtors Objection with Redactions Filed by Creditor Deutsche Bank National Trust Company as Trustee (Hsueh, Helen) Modified on 5/30/2014 CORRECTIVE ENTRY: COURT CORRECTED DOCKET TEXT TO MATCH PDF. (tw). (Entered: 05/29/2014) |

STATEMENT OF ISSUES AND DESIGNATION OF RECORD – RIVERA APPEAL    -20

| | | | |
|---|---|---|---|
| 05/29/2014 | | <u>114</u> | Declaration in Support of Proof of Claim 2-1 and in Opposition to Debtors' Objection (RE: related document(s)<u>105</u> Amended Order, Order to Continued Hearing). Filed by Creditor Deutsche Bank National Trust Company as Trustee (Hsueh, Helen). Related document(s) 112 Ex-Parte Application Filed by Creditor Deutsche Bank National Trust Company as Trustee, <u>32</u> Objection filed by Debtor Anton Andrew Rivera, Joint Debtor Denise Ann Rivera. Modified on 5/30/2014 CORRECTIVE ENTRIES: COURT HAS ADDED LINKAGE TO DOC <u>32</u>,<u>112</u>. COURT CORRECTED DOCKET TEXT TO MATCH PDF. (tw). (Entered: 05/29/2014) |
| 05/30/2014 | | <u>116</u> | Order Approving Ex-Parte Application To File Declaration In Support Of Claim 2-1 And In Opposition To Debtors Objection (Related Doc # <u>32</u> and <u>107</u>) (rs) (Entered: 05/30/2014) |
| 06/04/2014 | | <u>118</u> | Order Approving Ex-Parte Application to File Declaration in Support of Claim 2-1 and in Opposition to Debtors Objection with Redactions (Related Doc #<u>112</u>) (acc) (Entered: 06/04/2014) |
| 07/09/2014 | | <u>120</u> | Notice Vacating Trial (RE: related document(s)<u>32</u> Objection To Deutsche Bank National Trust Company As Trustee Of WAMU Mortgage Pass Through Certificates Series 2005-AR6-Proof Of Claim (Claim #2). Filed by Debtor Anton Andrew Rivera , Joint Debtor Denise Ann Rivera (Attachments: # 1 Part 2) (tl)), <u>105</u> Amended Scheduling Order Re: Objection to Claim . **Hearing scheduled for 10/16/2014 at 09:30 AM at Oakland Room 215 - Hammond.**(Attachments: #<u>1</u> Court Service List) (rba) (Entered: 07/09/2014) |
| 07/09/2014 | | | Hearing Continued (related document(s): <u>32</u> Objection filed by Anton Andrew Rivera, Denise Ann Rivera, <u>105</u> Amended Order) **Status Conference scheduled for 10/16/2014 at 09:30 AM at Oakland Room 215 - Hammond.** (rba ) MINUTES: THE TRIAL SET FOR 7/22/2014 at |

STATEMENT OF ISSUES AND DESIGNATION OF RECORD – RIVERA APPEAL    -21

Law Offices of Ronald H. Freshman
3040 Skycrest Drive
Fallbrook, CA 92028
Tel. (858) 756-8288

| | | | |
|---|---|---|---|
| | | | 8:30 am HAS BEEN VACATED. A STATUS CONFERENCE IS SET FOR 1016/2014 at 9:30 am. NOTICED BY COURT 7/9 (#120). (Entered: 07/09/2014) |
| 10/03/2014 | | | Hearing Continued (related document(s): 32 Objection filed by Anton Andrew Rivera, Denise Ann Rivera) **Hearing scheduled for 10/16/2014 at 10:30 AM at San Jose Courtroom 3070 - The matter will be heard telephonically by Judge Hammond at San Jose, Courtroom 3070.** (mem ) (Entered: 10/03/2014) |
| 10/10/2014 | | 121 | Order Directing Transfer of Case to San Jose Division. Martha Bronitsky shall remain the Chapter 13 Trustee on this case. (trw) (Entered: 10/15/2014) |
| 10/16/2014 | | 122 | Notice of Transferred Case 12-49703. The case was transferred from Oakland (tm) (Entered: 10/16/2014) |
| 10/16/2014 | | | Hearing Continued (RE: related document(s)32 Objection To Deutsche Bank National Trust Company As Trustee Of WAMU (Claim #2). Filed by Debtor Anton Andrew Rivera , Joint Debtor Denise Ann Rivera (Attachments: # 1 Part 2) (tl)). **Hearing scheduled for 11/12/2014 at 10:00 AM San Jose Courtroom 3070 - Hammond for 32, .** The status conference is continued to 11/12/14 at 10:00 a.m., the parties are to file by 11/6/14, statements of no more than 5 pages in length regarding the issues remaining for trial. The parties may appear by telephone.(acr) (Entered: 11/12/2014) |
| 11/06/2014 | | 125 | Statement of Issues That Remain Unresolved Regarding Debtors' Objection to Proof of Claim #2 (RE: related document(s)32 Objection). Filed by Creditor Deutsche Bank National Trust Company as Trustee (Perovich, Stefan) (Entered: 11/06/2014) |

STATEMENT OF ISSUES AND DESIGNATION OF RECORD – RIVERA APPEAL    -22

| Date | | Doc# | Description |
|------|--|------|-------------|
| 11/06/2014 | | 126 | Report: *Statement of Issues Re Debtors' Objection to Proof of Claim* Filed by Joint Debtor Denise Ann Rivera (Freshman, Ronald) (Entered: 11/06/2014) |
| 11/07/2014 | | 127 | First Amended Report: *Statement of Issues Re Debtors' Objection to Proof of Claim* Filed by Debtors Entered: 1/07/2014) |
| 11/12/2014 | | | Hearing Continued (related document(s): 32 Objection filed by Debtors **Hearing scheduled for 02/25/2015 at 09:00 AM at Oakland Room 215 - Hammond.** (Stefan Perovich appeared for the Creditor. Ronald Freshman appeared for the debtors. Denise Rivera appeared pro se.) Debtors shall conduct their depositions and any limited third party discovery by 1/16/15. Debtors shall file a supplemental declaration by 1/30/15 regarding the issues that have not been resolved and the basis on how they intend to challenge them. Trial is scheduled on February 25, 2015 at 9:00 AM in Oakland, ctrm #215. Parties shall exchange exhibits by 2/18/15. Parties are expected to meet and confer and be prepared at the beginning of trial to stipulate any documents they intend to admit into evidence. Trial briefs are optional, if deemed necessary they are due on 2/18/15. Court shall issue a further amended scheduling order reflecting these dates and deadlines. Status conference on Adv case # 14-5107 is set for 12/8/14 at 10:00 AM in San Jose. Parties may request a continuance from the CRD if needed and may appear telephonically. (acr) (Entered: 11/12/2014) |
| 11/14/2014 | | 128 | Second Amended Scheduling Order RE: Objection to Claim. Discovery due by 1/16/2015. (re: 105Amended Scheduling Order Re: Objection to Claim)**Trial scheduled for 2/25/2015 at 09:00 AM at Oakland Room 215 - Hammond.** (rdr) (Entered: 11/14/2014) |

Law Offices of Ronald H. Freshman
3040 Skycrest Drive
Fallbrook, CA 92028
Tel. (858) 756-8288

| | | | |
|---|---|---|---|
| 12/03/2014 | | <u>129</u> | Notice Regarding *NOTICE OF LIMITED SCOPE REPRESENTATION BY COUNSEL* Filed by Debtor Anton Andrew Rivera, Joint Debtor Denise Ann Rivera (Freshman, Ronald) (Entered: 12/03/2014) |
| 12/03/2014 | | <u>130</u> | Notice Regarding *REQUEST TO RECEIVE NOTICE OF ELECTRONIC FILINGS* Filed by Debtors (Freshman, Ronald) 12/3/2014 (Entered: 12/03/2014) |
| 12/04/2014 | | <u>131</u> | Amended Response *to Nov 24 Order setting discovery for Deutsche AP* Filed by Debtors (Freshman, Ronald) (Entered: 12/04/2014) |
| 01/15/2015 | | <u>132</u> | Transcript regarding Hearing Held 3-20-14 RE: Objection to Deutsche Bank National Trust Company as Trustsee of WAMU Mortgage Pass-Through Certificate Series 2005-AR6-Proof of Claim (Claim #2) Filed by Anton Andrew Rivera, Joint Debtor Denise Ann Rivera. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber *Jo McCall (480)361-3790*. Notice of Intent to Request Redaction Deadline Due By 1/22/2015. Redaction Request Due By 02/5/2015. Redacted Transcript Submission Due By 02/17/2015. Transcript access will be restricted through 04/15/2015. (McCall, Jo) (Entered: 01/15/2015) |

STATEMENT OF ISSUES AND DESIGNATION OF RECORD – RIVERA APPEAL    -24

| | | | |
|---|---|---|---|
| | | | |
| 01/16/2015 | | 133 | Motion to Extend Time *URGENT MOTION TO ENLARGE DISCOVERY DEADLINE AND HEARING DATE FOR OBJECTION TO PROOF OF CLAIM #2-1 BY DEUTSCHE BANK NATIONAL TRUST COMPANY*, MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF RONALD H. FRESHMAN, DECLARATION OF KIMBERLY CROMWELL, [PROPOSED] ORDER, Filed by Debtor Anton Andrew Rivera, Joint Debtor Denise Ann Rivera (Attachments: # 1 Exhibit Exhibit) (Freshman, Ronald) CORRECTIVE ENTRY: COURT MODIFIED DOCKET TEXT TO INCLUDE ADDITIONAL ITEMS FILED. ERROR: ORDER SHOULD BE UPLOADED AS A SEPARATE DOCUMENT. Modified on 1/20/2015 (no). (Entered: 01/16/2015) |
| 01/19/2015 | | 135 | AMENDED DECLARATION OF RONALD H. FRESHMAN IN SUPPORT OF DEBTORS MOTION TO ENLARGE DISCOVERY DEADLINE FOR DEBTORS OBJECTION TO PROOF OF CLAIM #2 BY DEUTSCHE BANK NATIONAL TRUST COMPANY, WITH CERTIFICATE OF SERVICE. Filed by Debtor Anton Andrew Rivera, Joint Debtor Denise Ann Rivera (Attachments: # 1 Exhibit) (Freshman, Ronald) Related document(s) 133 Motion to Extend Time *URGENT MOTION TO ENLARGE DISCOVERY DEADLINE AND HEARING DATE FOR OBJECTION TO PROOF OF CLAIM #2-1 BY DEUTSCHE BANK NATIONAL TRUST COMPANY* filed by Debtor Anton Andrew Rivera, Joint Debtor Denise Ann Rivera. (Entered: 01/19/2015) |

STATEMENT OF ISSUES AND DESIGNATION OF RECORD – RIVERA APPEAL   -25

Law Offices of Ronald H. Freshman
3040 Skycrest Drive
Fallbrook, CA 92028
Tel. (858) 756-8288

| | | | |
|---|---|---|---|
| 01/22/2015 | | 136 | Order Denying Motion to Extend Discovery Date and Continue Trial (Related Doc # 133) (rdr) (Entered: 01/22/2015) |
| 01/30/2015 | | 137 | Objection to Claim *DEBTORS SUPPLEMENTAL OBJECTION TO DEUTSCHE PROOF OF CLAIM (2-1)* Filed by Debtor Anton Andrew Rivera, Joint Debtor Denise Ann Rivera. (Freshman, Ronald) (Entered: 01/30/2015) |
| 01/30/2015 | | 138 | Declaration of Denise Rivera in Support of *Reply to Claimants Opposition to Debtors Objection to POC #2* (RE: related document(s)137 Objection to Claim). Filed by Debtor Anton Andrew Rivera, Joint Debtor Denise Ann Rivera (Freshman, Ronald) (Entered: 01/30/2015) |
| 02/12/2015 | | | Telephonic Hearing On (RE: related document(s)32 Objection To Deutsche Bank National Trust Company As Trustee Of WAMU Mortgage Pass Through Certificates Series 2005-AR6-Proof Of Claim (Claim #2). Filed by Debtors (Attachments: # 1 Part 2) (tl)). **Hearing scheduled for 2/12/2015 at 04:30 PM at San Jose Courtroom 3070 - Hammond.** (mem) (Entered: 02/12/2015) |
| 02/12/2015 | | 139 | PDF with attached Audio File. Court Date & Time [ 2/12/2015 1:24:11 PM ]. File Size [ 3262 KB ]. Run Time [ 00:13:35 ]. (admin). (Entered: 02/12/2015) |
| 02/12/2015 | | | Telephonic Hearing Held (related document(s): 32 Objection filed by Anton Andrew Rivera, Denise Ann Rivera) Appearances: Ronald Freshman on behalf of debtors, Stefan Perovich on behalf of Deutsche |

STATEMENT OF ISSUES AND DESIGNATION OF RECORD – RIVERA APPEAL    -26

Law Offices of Ronald H. Freshman
3040 Skycrest Drive
Fallbrook, CA 92028
Tel. (858) 756-8288

| | | | |
|---|---|---|---|
| | | | Bank, and Denise Rivera, debtor. The submission of exhibits, and stipulation by the parties with respect the admission of exhibits was discussed on the record. The hearing is concluded. (mem ) (Entered: 02/18/2015) |
| 02/17/2015 | | 140 | Trial Brief *(Request to File a Trial Brief Not to Exceed 22 Pages)* (RE: related document(s)128 Scheduling Order). Filed by Creditor Deutsche Bank National Trust Company as Trustee (Attachments: # 1 Declaration of Stefan Perovich in support of Deutsche Bank's Request to File a Trial Brief Not to Exceed 22 Pages # 2 Certificate of Service) (Perovich, Stefan) (Entered: 02/17/2015) |
| 02/18/2015 | | 141 | Order Approving Request to File Extended Trial Brief (RE: related document(s)140 Trial Brief filed by Creditor Deutsche Bank National Trust Company as Trustee). (rdr) (Entered: 02/18/2015) |
| 02/18/2015 | | 142 (2 pgs) | Witness List Filed by Creditor Deutsche Bank National Trust Company as Trustee (Perovich, Stefan) (Entered: 02/18/2015) |
| 02/18/2015 | | 143 | Trial Brief *in Opposition to Debtor's Objection to Proof of Claim* (RE: related document(s)128 Scheduling Order). Filed by Creditor Deutsche Bank National Trust Company as Trustee (Attachments: # 1 Certificate of Service) (Perovich, Stefan) (Entered: 02/18/2015) |
| 02/18/2015 | | 144 | Trial Brief IN SUPPORT OF DEBTORS OBJECTION TO PROOF OF CLAIM 2-1 (RE: related document(s)32 Objection). Filed by Debtors (Freshman, Ronald). Modified on 2/19/2015 (rdr). (Entered: 02/18/2015) |

STATEMENT OF ISSUES AND DESIGNATION OF RECORD – RIVERA APPEAL    -27

Law Offices of Ronald H. Freshman
3040 Skycrest Drive
Fallbrook, CA 92028
Tel. (858) 756-8288

| | | |
|---|---|---|
| 02/18/2015 | <u>145</u> | Witness List . Filed by Debtor Anton Andrew Rivera, Joint Debtor Denise Ann Rivera (Freshman, Ronald) (Entered: 02/18/2015) |
| 02/19/2015 | <u>146</u> | Document: *MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OR TESTIMONY REGARDING ADVANCE PAYMENTS BY LOAN SERVICERS*. Filed by Creditor Deutsche Bank National Trust Company as Trustee (Attachments: # <u>1</u> Certificate of Service) (Perovich, Stefan) (Entered: 02/19/2015) |
| 02/20/2015 | <u>147</u> | Brief/Memorandum in Opposition to *CLAIMANTS MOTION IN LIMINE TO EXCLUDE EVIDENCE OR TESTIMONY REGARDING SERVICER ADVANCES* (RE: <u>146</u> MOTION IN LIMINE) Filed by Debtor Anton Andrew Rivera, Joint Debtor Denise Ann Rivera (Freshman, Ronald) (Entered: 02/20/2015) |
| 02/20/2015 | <u>148</u> | DEBTORS MOTION IN LIMINE TO EXCLUDE EVIDENCE OR TESTIMONY AS TO CLAIMANTS STANDING Filed by Debtor Anton Andrew Rivera, Joint Debtor Denise Ann Rivera (Freshman, Ronald) (Entered: 02/20/2015) |
| 02/20/2015 | <u>149</u> | Amended Exhibit *List*. Filed by Debtor Anton Andrew Rivera, Joint Debtor Denise Ann Rivera (Freshman, Ronald) (Entered: 02/20/2015) |
| 02/23/2015 | <u>150</u> | Motion *in Limine No. 2 to Exclude Evidence or Testimony Regarding Debtors New Escrow Priority Argument* Filed by Creditor Deutsche Bank National Trust Company as Trustee (Perovich, Stefan) (Entered: 02/23/2015) |

STATEMENT OF ISSUES AND DESIGNATION OF RECORD – RIVERA APPEAL    -28

| | | | |
|---|---|---|---|
| 02/23/2015 | | 151 | Brief/Memorandum in Opposition to *Debtors' Motion in Limine to Exclude Evidence or Testimony as to Claimant's Standing* (RE: related document(s)148 Support Brief/Memorandum). Filed by Creditor Deutsche Bank National Trust Company as Trustee (Perovich, Stefan) (Entered: 02/23/2015) |
| 02/23/2015 | | 152 | Order Requiring Pre-Trial Meet and Confer by Parties (RE: related document(s)128 Scheduling Order). (rdr) (Entered: 02/23/2015) |
| 02/23/2015 | | 153 | Motion *in Limine No. 3 to Exclude William Paatalo's Expert Witness Testimony* Filed by Creditor Deutsche Bank National Trust Company as Trustee (Perovich, Stefan) (Entered: 02/23/2015) |
| 02/25/2015 | | | Trial Hearing Held 2/25/2015 at 9:00 am. (related document(s): 32 Objection filed by Anton Andrew Rivera, Denise Ann Rivera) Minutes: Ronald Freshman and Kimberly Cromwell appeared on behalf of debtors, Stefan Perovich and David Piper appeared on behalf of Deutsche Bank. The names of witnesses who have sworn and took under oath to testify as a witness: 1) Margaret Dyer for creditor, 2) William Paatalo for debtor, 3) Debtor Denise Ann Rivera. Debtors' exhibits 1 thru 16 (A thru P), exhibits 17 thru 19 (Q thru S), exhibits 21 thru 34 (U thru HH) and exhibit 35 (II) were admitted into evidence. Creditor's exhibits A thru D, F, J, K Q, S, T, W, CC thru MM, QQ and RR were admitted into evidence. Matter taken under submission. (Entered: 02/25/2015) |
| 02/25/2015 | | 154 | ◀))) PDF with attached Audio File. Court Date & Time [ 2/25/2015 9:04:19 AM ]. File Size [ 91605 KB ]. Run Time [ 06:21:41 ]. (Entered: 02/25/2015) |

STATEMENT OF ISSUES AND DESIGNATION OF RECORD – RIVERA APPEAL    -29

| | | | |
|---|---|---|---|
| 02/25/2015 | | <u>155</u> | Debtors Opposition to (RE: related document(s)<u>150</u> Motion Miscellaneous Relief). Filed by Debtor Anton Andrew Rivera , Joint Debtor Denise Ann Rivera (rdr) (Entered: 02/26/2015) |
| 02/25/2015 | | <u>156</u> | Debtors Opposition to (RE: related document(s)<u>153</u> Motion Miscellaneous Relief). Filed by Debtor Anton Andrew Rivera , Joint Debtor Denise Ann Rivera (rdr) (Entered: 02/26/2015) |
| 03/30/2015 | | <u>157</u> | Order Establishing Claim Amount (RE: related document(s)<u>32</u> Objection filed by Debtor Anton Andrew Rivera, Joint Debtor Denise Ann Rivera). (rdr) (Entered: 03/30/2015) |
| 03/30/2015 | | <u>158</u> | Memorandum Decision (RE: related document(s)<u>32</u> Objection filed by Debtor Anton Andrew Rivera, Joint Debtor Denise Ann Rivera). (rdr) (Entered: 03/30/2015) |

Court ruling on Objection to Proof of Claim #2-1 on March 30, 2015 entered on March 30, 2015. .

Date: April 27, 2015        LAW OFFICES OF RONALD H. FRESHMAN


  /S/Ronald H. Freshman                                

RONALD H. FRESHMAN

Attorney for Debtors:

Anton A. Rivera and Denise A. Rivera

Service by CM/ECF

Attorneys for Appellee; Deutsche Bank National Trust:

DAVID D. PIPER, CASB No. 179889

david.piper@kyl.com

STEFAN PEROVICH, CASB No. 245580

stefan.perovich@kyl.com

KEESAL, YOUNG & LOGAN

A Professional Corporation

400 Oceangate

Long Beach, California 90802

Telephone: (562) 436-2000

Facsimile: (562) 436-7416

Appellants:

Anton A. Rivera and Denise A. Rivera

1689 Taylor Road

Bethel Island, California 94511

Respectfully submitted April 27, 2015

/s/Ronald H. Freshman

RONALD H. FRESHMAN, Esq., SBN # 225136

Attorney for Appellants

3040 Skycrest Drive

Fallbrook, California 92028

Telephone: 858-756-8288

Facsimile: 858-964-1728

ronshreshman@gmail.com

**Law Offices of Ronald H. Freshman**
3040 Skycrest Drive
Fallbrook, CA 92028
Tel. (858) 756-8288

The following constitutes
the order of the court. Signed March 30, 2015

M. Elaine Hammond

**M. Elaine Hammond**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re | Case No. 14-54193 |
|  | Chapter 13 |
| Anton Andrew Rivera and |  |
| Denise Ann Rivera, |  |
| Debtors. |  |

## ORDER ESTABLISHING CLAIM AMOUNT

An evidentiary hearing to establish the amount of Deutsche Bank's[1] claim (Proof of Claim no. 2-1) was held on February 25, 2015. Ronald Freshman and Kimberly Cromwell appeared on behalf of the Riveras. Stefan Perovich and David Piper appeared on behalf of Deutsche Bank. For the reasons set forth in this court's contemporaneous memorandum decision, it is hereby

ORDERED that the amount of Deutsche Bank's claim is established to be $532,272.10, subject to further determinations as to the disputed validity of the claim.

***END OF ORDER***

---

[1] Deutsche Bank National Trust Company as Trustee for WAMU Mortgage Pass-Through Certificate Series 2005-AR6, referred to herein as "Deutsche Bank."

1

# COURT SERVICE LIST

Ronald H. Freshman, Debtors' Attorney

Stefan Perovich, Deutsche Bank's Attorney

Martha G. Bronitsky, Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

2

The following constitutes
the order of the court. Signed March 30, 2015

*M. Elaine Hammond*

M. Elaine Hammond
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

In re ) Case No. 14-54193
)
) Chapter 13
)
Anton Andrew Rivera and )
)
Denise Ann Rivera, )
)
Debtors. )

## <u>MEMORANDUM DECISION RE: OBJECTION TO PROOF OF CLAIM</u>

Debtors Anton and Denise Rivera objected to the proof of claim filed by Deutsche Bank[1]. Deutsche Bank asserts a claim based on the Note and Deed of Trust associated with the Riveras' loan. The Riveras allege that the amount asserted in the complaint is incorrect and not supported by Deutsche Bank's records. For the reasons set forth below, the amount of the proof of claim is established as $532,272.10.

This court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

////

////

////

---

[1] Deutsche Bank National Trust Company as Trustee for WAMU Mortgage Pass-Through Certificate Series 2005-AR6, referred to herein as "Deutsche Bank."

1

Background

The Riveras obtained a loan in 2004 for their home in Bethel Island, California (the "Property"). On November 16, 2004, they executed a note (the "Note") with Washington Mutual Bank, FA, which evidenced a principal indebtedness of $440,000.00. A deed of trust securing payment on the Note against the Property (the "DOT") was recorded on November 24, 2004 in the Contra Costa County Recorder's Office.

In October 2009, the Riveras entered into a Home Affordable Modification Trial Period Plan (the "TPP") with the then servicer, JPMorgan Chase Bank, NA ("JPMorgan Chase"), as successor to Washington Mutual. The TPP had an effective date of November 1, 2009. Between October 2009 and December 2009, the Riveras made three TPP payments. These payments were placed in a suspense account and applied against the contractual payments due for September and October 2009. The Riveras have made no payments on the loan since December 2009.

The Riveras filed this chapter 13 case on December 7, 2012. Deutsche Bank filed a proof of claim on January 22, 2013, evidenced by the Note, the DOT and other supporting documents (the "Claim"). Deutsche Bank asserts a secured claim in the amount of $532,272.10 against the Property, with pre-petition arrearages in the amount of $108,389.03. The Claim further provides that JPMorgan Chase services the loan. The Riveras subsequently filed their objection to Deutsche Bank's Claim (the "Objection") (Dkt. 32). Deutsche Bank opposed the Objection (Dkt. 56). This memorandum resolves the Objection as to the amount of Deutsche Bank's Claim.

In addition, the Riveras initiated an adversary proceeding against Deutsche Bank on January 9, 2013 (the "First Adversary"). The remaining claims in the First Adversary relate to fraud or breach of contract claims against Deutsche Bank based upon the TPP. In May 2013, the Riveras initiated a second adversary proceeding (the "Second Adversary"). Currently, the Second Adversary involves a challenge to Deutsche Bank's ability to enforce the Note and DOT and a Truth in Lending Act claim.

The initial hearing on the Objection was held July 18, 2013.  The Riveras miscalendared the hearing and did not appear (Dkt. 67).  The court announced at the hearing that the only issue to be determined with respect to the Objection was whether Deutsche Bank miscalculated the amount of the claim;  the remaining issues were duplicative of the issues raised in the Second Adversary and would be resolved in that proceeding.  The court set a continued hearing for October 17, 2013, and requested that Deutsche Bank file an accounting to clarify the discrepancies alleged in the Objection.

The Riveras retained counsel after the July hearing (Dkt. 81) and the parties filed a stipulation to continue the October 17 hearing to discuss a potential out-of-court resolution. The court approved the stipulation and continued the hearing to December 5, 2013.  The Riveras terminated their new counsel prior to the hearing (Dkt. 89).  Meanwhile, Deutsche Bank filed a declaration providing evidence to rebut the Objection (the "Mazariegos Declaration") (Dkt. 82).  At the hearing, the court expressed concerns that the Mazariegos Declaration did not appear to address all of the accounting issues raised in the Objection.  The court took the matter under submission and subsequently provided the Riveras the opportunity to review the declaration and provide supplemental briefing.  At a continued hearing on March 20, 2014, the court set a trial date of June 25, 2014 and issued a scheduling order for further briefing.  The trial was later rescheduled for July 18, 2014.  Shortly after the scheduling hearing, the Riveras obtained their current counsel.

The Riveras and Deutsche Bank participated in a judicial settlement conference in early July 2014.  They reached an agreement to agree, and requested that all matters be held in abeyance while they sought a consensual resolution.  Ultimately, these efforts were unsuccessful.

The court then instructed the parties to file short statements regarding the issues remaining for trial.  Following a November 2014 status conference, the court issued a scheduling order with a February 25, 2015 trial date.

Prior to the trial, the Riveras filed a request to enlarge the discovery deadline, which the court denied.  Both parties filed motions in limine (Dkt. 146, 148, 150, 153).  In response,

the court issued an order clarifying the remaining issues for trial and requiring the parties to meet-and-confer (Dkt. 152). The court denied the motions at trial but considered the legal arguments asserted therein in its analysis of the legal issues for trial.

Analysis

**I. Principal and Interest:**

1. Calculation of Principal and Interest Balance

The payment history and accounting on this loan is one of the most complicated this court has reviewed. The Riveras' loan is an adjustable rate mortgage, with monthly adjustments and negative amortization. The monthly statements provided the Riveras with four alternatives for payment:

(1) reduced interest and escrow (the "Minimum Payment"),

(2) full monthly interest and escrow,

(3) principal and full monthly interest based on the remaining scheduled loan term and escrow and

(4) principal and monthly interest based on a 15-year amortization and escrow.

If the Riveras elected the first payment option, then their principal balance increased by the difference between the reduced interest paid and the true interest accrued for that month.

Deutsche Bank's witness, Margaret Dyer, testified that the accounting system for this loan was set up to process a payment received as the Minimum Payment required on the loan. As a result, when a payment was received, it was processed as if the Riveras only paid the minimum interest required for that month, thereby increasing the principal balance. If the payment received was greater than the Minimum Payment, then any additional funds would be applied to interest (until paid in full for the month), then principal. Following is an example of applications of payments as reflected on the detailed loan history admitted as Exhibit B:

////

////

4

February 2005:

Minimum Payment due = $2,079.35

Paid = $2,150.11 (Minimum Payment plus late charge)

Applied:

- Late charge = $70.76
- Escrow = $664.14
- Interest = $1,599.61
- Principal paid = ($184.40) (reflected as negative amount Principal Paid)

In sum, funds are applied to the escrow and late charge, and then the remainder is applied as if the monthly interest was paid in full (i.e., more than remainder left from the payment). The principal balance is then increased by the difference between the interest payment applied and funds received, here, $184.40. This is consistent with the Home Loan Statement of February 18, 2005 received by the Riveras. (Exh. 5).

May 2005:

Minimum Payment due = $2,072.86

Option 2 (full monthly interest) amount due = $2,404.35

Paid = $2,488

Applied:

- Late charge = $70.76
- Escrow = $657.65
- Interest = $1746.70
- Principal = ($331.49) + $344.38 = $12.89 (reduction in principal)

Again, funds are applied to the late charge and escrow, then to full monthly interest. The principal balance is increased as if full interest for the month had not been paid. Yet the next line entry reflects a payment to principal equal to the prior principal increase, plus the excess $12.89 paid by the Riveras. This is consistent with the Home Loan Statement of May 17, 2005 received by the Riveras. (Exh. 5).

Considerable trial time was spent reviewing the 2005 payment accounting as the Riveras disputed the application of payments for this period. No other time periods were addressed by the parties during the trial. Ultimately, no discrepancies were identified, during trial or by the court, between the Riveras' records of payments made and the payments applied. Based on the testimony, the court finds that the Riveras were aware they had an interest only loan in 2005 and sought to make additional payments to reduce principal. But since the funds paid often fell between the Minimum Payment (Option 1) and full interest payment (Option 2), the result was an increase in the principal balance – albeit less than if they had only paid the Minimum Payment. In addition, late fees or pay-by-phone fees often reduced the funds available to apply towards interest or principal. As such, the court finds no error in the application of payments by Deutsche Bank.

In their challenge to the principal balance claimed, the Riveras rely on letters received by the Riveras in November 2010, 2012 and 2013 stating a declining principal balance. (Exh. 15). These annual letters provided notice of the monthly interest rate adjustments for the preceding year and of the annual principal and interest adjustment. The letters specifically referred to a "projected principal balance" and state "Assuming that all regularly scheduled payments (if any) are made between now and [next adjustment date], your balance will be [principal balance]." Clearly, the primary function of these letters was to provide the required notice of interest rate and payment changes. (Note § 4(E)). As stated, the calculation of principal is based on an assumption that all regularly scheduled payments were being made. That was not the case here.

The notice received in November 2014 was different though. (Ex. 15). It no longer provided a projected principal balance. Instead it informed borrowers of the new monthly payment amount and stated "Your new payment is based on the MONTHLY AVERAGE OF 1 YEAR US TREASURY SECURITIES index, your margin, your loan balance of $397,060.14, and your remaining loan term of 240 months." However, the court notes that when this letter was received the Riveras had been in this Chapter 13 case for a year and nine months, making payments of $1,000 per month to the Chapter 13 Trustee. The Chapter 13

Trustee has not made payments on the Claim pending resolution of the Objection. As such, the information provided in the letter does not reflect reductions in principal or remaining term as a result of any payments by the Riveras. Consistent with prior letters, it is accepted by the court as a projected balance if the payments were current.

In short, the court finds the detailed—if confusing—loan history more convincing evidence of the principal balance on the loan than references in four letters to a projected principal balance.

2. Application of Trial Plan Payments[2]

The Riveras contend in their Objection, Section 2(a), that Deutsche Bank improperly applied payments made pursuant to the trial modification. Specifically, they assert that the Claim does not properly acknowledge or account for these payments on the basis that the accounting shows a default for this period, when the entire amount required by the TPP was paid.

As of July 2009, the Riveras were current on their loan payments. Ms. Rivera testified that she was informed by a bank representative that they needed to miss a payment to be considered for a loan modification. In order to seek review, the Riveras skipped their August 2009 payment. The Riveras then received a letter dated October 5, 2009, informing them that they may qualify for the TPP.[3] The TPP required trial payments of $1,736 for three months and requested additional information for review by the bank. The Riveras made the TPP payments on October 23, November 24 and December 31, 2009.

The TPP includes a four-page agreement to be signed by the borrowers.[4] Section 2.D. of that agreement provides that borrower understands and acknowledges that the lender will hold the TPP payments in suspense until enough funds accrue to pay the full payment:

---

[2] This issue was addressed at the March 20, 2014 hearing, at which time the court found that the Riveras' allegations were insufficient to require an evidentiary hearing on this issue. It is included in this memorandum in order to provide a complete record of the court's analysis on the Objection.

[3] At the March 20, 2014 hearing, the court took notice of the TPP submitted by the Riveras as Exhibit 7 to their complaint in the Second Adversary. The TPP was sent by JPMorgan Chase to the Riveras.

[4] Titled: Home Affordable Modification Trial Period Plan (Step One of Two-Step Documentation Process)

7

> The Lender will hold the payments received during the Trial Period in a non-interest bearing account until they total an amount that is enough to pay my oldest delinquent monthly payment on my loan in full. … If there is any remaining money after such payment is applied, such remaining funds will be held by the Lender and not posted to my account until they total an amount that is enough to pay the next oldest delinquent monthly payment in full.

The same disclosure is also provided in the TPP "Frequently Asked Questions":

> **Q. What do you do with my first trial period payment if I do not qualify for the program?**
> Your first trial payment will be applied to your existing loan in accordance with the terms of your loan documents. If you don't qualify for the program, we will help you evaluate other options to help you keep your home or ease your transition to a new home.
> …
> **Q. What happens to my trial period payments if I do not comply with the terms of the Trial Period Plan?**
> Your trial period payments will be applied to your existing loan according to the terms of your loan documents.

Deutsche Bank applied the TPP payments as the Riveras were informed the payments would be applied to their current loan, pending or in the absence of a HAMP loan modification. As such, the court finds that the application of the TPP payments to the Riveras loan was correct.

    3. Monthly Interest Rate Adjustments[5]

The Riveras further claim, in their Objection, Section 2(c), that the interest rates listed in the Claim conflict with the interest rates provided to them. Attached as Exhibit D to the Objection are letters received by the Riveras notifying them of the interest rate adjustments to the loan (the "Interest Adjustment Notices") (Dkt. 32-1). Following hearings on February 6, 2014 and March 20, 2014, the court determined that the Claim and the Interest Adjustment Notices identify the same applicable interest rates for each month. The information only appears to conflict because the Claim states the applicable rate for the period stated (e.g., from 11/1/2012 to 11/30/2012) and the Interest Adjustment Notices state the applicable rate for the prior month (e.g. "Previous Interest Rate"). No adjustment to the Claim amount is required.

---

[5] This issue was addressed at the February 6 and March 20, 2014 hearings, at which time the court found that the Riveras' allegations were insufficient to require an evidentiary hearing on this issue. It is included in this memorandum in order to provide a complete record of the court's analysis on the Objection.

4. <u>Payments by Master Servicer</u>

The Note and DOT were transferred to the WaMu Mortgage Pass-Through Certificates Series 2005-AR6 Trust, a Delaware statutory trust (the "Trust").[6] The Trust was created by and operated in accordance with the Pooling and Servicing Agreement, dated April 1, 2005 (the "PSA"). It is undisputed that the Trust began reporting the Rivera loan as an asset in May 2005. Remittance reports produced by Washington Mutual Mortgage Securities Corp., the "Master Servicer" for the Trust, provide monthly reports regarding the status of the Riveras' loan.[7] Following the Riveras' default in payments, the Master Servicer began advancing funds equal to the difference between minimum monthly required funds due under the Note and the amount of funds actually received. These Master Servicer advances were required by Sec. 4.02 of the PSA: "*Advances by the Master Servicer; … the Master Servicer is obligated to advance its own funds to the Certificate Account to cover any shortfall between (i) Minimum Monthly Payments scheduled to be received in respect of Mortgage Loans and (ii) the amounts actually deposited in the Certificate Accounts on account of such payments . . . .*" As of December 12, 2012, total interest advanced on the Rivera loan was reported as $78,577.30. By June 2013, the advance had grown to $90,714.70.

The Riveras allege that since the Master Servicer made payments on the Note after their payments ceased, there is no default on the loan, and no grounds for Deutsche Bank to assert a Claim for unpaid principal and interest. They argue that the PSA inserted "additional co-obligors" or "guarantors" of the Note and that these payments satisfy the Riveras' obligations under the Note. (Dkt. 144). They rely upon the statement of obligation of person under the Note, provided in Sec. 9:

////

////

---

[6] The Riveras deny that the Trust has any interest in the Note or DOT. However, the argument advanced by the Riveras depends on the Trust owning the Note and DOT. As such, the court will assume for the purpose of this analysis that the Note and DOT are part of the Trust.

[7] The Riveras' expert, William J. Paatalo, testified that information reported by the Master Servicer may also be reviewed through the subscription service ABS Net.

9

> If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things.

The only signatories to the Note are Anton Rivera and Denise Rivera. No other persons were obligated on the Note at its making. The Riveras propose that the Master Servicer became a guarantor of the Note upon placement of the loan into the Trust. We look then to the PSA for a determination of whether it created a guarantor or obligor.

A "guarantor" is "one who makes a guaranty or gives security for a debt." *Black's Law Dictionary* 773 (9th Ed. 2009). Similarly, an "obligor" is "one who has undertaken an obligation; a promisor or debtor." *Id.* at 1181. The issue is whether in making the advances required by Sec. 4.02 of the PSA, the Master Servicer made a guaranty or undertook an obligation *to the Riveras or to the holder of their Note.*

The Riveras concede that they are not parties to the PSA. The PSA provides that it does not confer any benefit, legal or equitable right, remedy or claim to third-parties. (PSA § 10.09).

Further, the flow of funds provided in the PSA does not satisfy the obligation of the Riveras to the holder of their note. The PSA requires the Master Servicer to pay any difference between contractual payment and actual payment to the Certificate Account (PSA § 4.02). Funds deposited into the Certificate Account are held in trust for the Certificateholders and for the uses and purposes set forth in certain sections of the PSA (PSA § 1.01 "Certificate Account" and §3.04). Neither the Riveras, Deutsche Bank (as Trustee) nor the Trust are Certificateholders (PSA §1.01 "Certificateholder"). What is more, the additional uses of the Certificate Account do not provide a means of satisfying the obligations of any obligor on a note owned by the Trust. (PSA § 3.05).

Provisions authorizing the liquidation and foreclosure of loans not paid by the borrowers underscore this interpretation of the PSA. In fact, Sec. 3.09 authorizes foreclosure of a loan in default where satisfactory arrangements cannot be made for collection of delinquent payments. After foreclosure, the Master Servicer is authorized to reimburse itself

for prior advances that are not recoverable from the Liquidation Proceeds (PSA § 4.03 and § 101 "Liquidation Proceeds"). See also Sec. 3.05, permitting the Master Servicer to reimburse itself for late recoveries on advances or Nonrecoverable Advances.

In sum, the court finds no provisions in the PSA that establish that any party to the PSA became a guarantor or obligor of the Riveras' obligations on their Note. Other courts reviewing similar agreements have reached the same conclusion. *See Casualt v. Federal National Mortgage Association*, 915 F. Supp.2d 1113 (C.D. Cal. 2012) (finding that PSA payments were not created for the benefit of borrowers and the PSA did not constitute a forfeiture of the right to foreclose); *Pulliam v. PennyMac Mortgage Investment Trust Holding I LLC*, 2014 WL 3784238 (D. Me. July 31, 2014) (payments made by servicer based on separate contractual obligations and no evidence that payments intended to extinguish borrowers obligations); *Ouch v. Federal National Mortgage Association*, 2013 WL 139765 (D. Mass. Jan. 10, 2013) (reviewing separate contractual obligations between servicers and trusts).

### 5. Payments Applied to Escrow Before Principal and Interest

The Riveras next maintain that Deutsche Bank applied their monthly payments contrary to the terms of the DOT, and to their detriment. They assert that a portion of each payment was applied to escrow rather than principal. In support, they rely upon Sections 2 and 3 of the DOT:

> 2. **Application of Payments or Proceeds.** . . .[A]ll payments accepted and applied by Lender shall be applied in the following order of priority; (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.
> …
>
> 3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum … to provide for payment of amounts due for: (a) taxes … (c) premiums for any and all insurance required by Lender … These items are called "Escrow Items." …

This argument fails to take into consideration that during the period the Riveras made payments, no principal was *due* on the loan. The evidence at trial established that this is a negative amortization loan. The Note and DOT do not require payments of principal until either (1) the principal balance increases to 125% of the amount borrowed ($550,000), or (2) the fifth anniversary of the due date of the first payment (December 1, 2009).[8] This is consistent with Ms. Dyer's uncontroverted testimony that the Riveras' loan is a negative amortization loan that only required minimum monthly interest payments for the first five years, unless the principal balance increased to $550,000. The loan history and Claim establish that the principal balance never reached $550,000 prior to the bankruptcy filing. Further, the Riveras only made one payment after December 1, 2009 – a TPP payment of $1,736 on December 31, 2009. This payment was held in suspense and ultimately applied with other funds to the payment due on October 1, 2009.

In contrast, escrow payments were due each month. (DOT § 3). The loan history establishes that payments were applied to interest and escrow each month. This conforms with Section 2 of the DOT: first to interest, then to escrow as no principal amount was due during this period. Accordingly, no adjustment to the Claim is required.

## II. Escrow

Calculation of escrow was identified as a disputed factual issue for trial. In support of the Claim, Deutsche Bank submitted an Escrow Account Statement dated December 18, 2012 ("Escrow Statement") (Exh. J). The Escrow Statement is kept in the regular course of business and used to determine escrow accounting for the following year. As of December 2012, it shows a negative account balance of $17,181.44. It further projects that the lowest account balance of 2013 will occur in March 2013, with a negative account balance of

---

[8] Note, Sec. 4(H) and (I); DOT – Adjustable Rate Rider, Sec. 4(H) and (I). The Note and DOT provide for annual determination of the amount sufficient to repay the projected principal balance in full on the maturity date at the applicable interest rate but payment increases are limited to 7.5% of the amount *currently being paid*. There is no limit to the adjustment at the fifth anniversary or when the principal balance equals 125% of the principal amount originally borrowed. Note, Sec. 4(E) and (F); DOT – Adjustable Rate Rider, Sec. 4(E) and (F).

$18,398.77.  A minimum balance amount of $1,050.22, representing two months of estimated escrow payments, was added to the projected lowest account balance for 2013, to reach a claimed escrow amount of $19,448.99.

The Riveras did not assert any basis at trial or in their trial brief for finding that Deutsche Bank's calculation of the escrow balance is incorrect.  Previously, the Riveras objected to foreclosure fees and costs of $2,908.44 on the basis that no foreclosure sale has occurred.[9]  Deutsche Bank provided an invoice from California Reconveyance Company supporting the fees and costs associated with recording and notice of the notice of default and notice of trustee's sale.  No further objection to this portion of the claim has been raised.  As such, the court finds no adjustment to the Claim is required on the basis of the escrow calculation.[10]

### III.  Execution of Proof of Claim

Finally, the Riveras object to the Claim on the basis that it is signed by an attorney representing Deutsche Bank rather than an employee.  They assert that this is a violation of the Consent Judgment between JP Morgan Chase and the United States, entered on April 4, 2012 by the U.S. District Court for the District of Columbia in *United States v. Bank of America Corp.* (D.D.C. No. 12-CV-00361) (the "National Mortgage Settlement").  They cite to section (I)(D)(1)(f) of the Settlement Terms Sheet incorporated by the Consent Judgment, which requires a proof of claim to be signed by the responsible person after reasonable investigation and clearly identify the reasonable person's employer and position or title with the employer.  As an initial matter, it is not clear that execution of the Claim by an attorney for the Claimant, identified as such, violates the terms of the National Mortgage Settlement.

---

[9] This issue was addressed at the March 20, 2014 hearing.  Deutsche Bank's trial exhibits include the supporting evidence previously reviewed by the court.

[10] The court notes that an argument could be made that the escrow balance should be limited to the amount due of $17,181.44, as of the Petition Date.  However, the loan is a continuing obligation of the Riveras. Pursuant to the Riveras on-going obligations under the loan, they are also obligated to Deutsche Bank for escrow amounts extended in 2013 – 2015 and the minimum account balance.  Incorporation of the projected 2013 maximum deficiency and minimum account balance in the Claim amount allows the Riveras to cure such default through a Chapter 13 plan.

Even if it were found to, execution of a proof of claim by counsel for a claimant satisfies the Bankruptcy Code's requirements for assertion of a claim. Thus, there is no basis to disallow the Claim on this basis,[11] particularly where, as here, the amount claimed has been established following an evidentiary hearing.

Conclusion

As set forth herein, the court finds that Deutsche Bank established the amount of its Claim to be $532,272.10. The court shall issue an order contemporaneous with this memorandum decision.

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

---

[11] Courts have held that no private right of action was created by the Consent Judgment. *See Weston v. Wells Fargo Bank, N.A.,* 2014 WL 811546, at *4 (W.D.Tex. Feb. 28, 2014); *Fleshman v. Wells Fargo Bank, N.A.*, 2014 WL 2772508, at *1135-36 (D. Or. June 17, 2014); *Lawrence v. Wells Fargo Bank, N.A.*, 2014 WL 2705425, at *6 (N.D. Cal. June 13, 2014)("plaintiff has no standing to enforce the National Mortgage Settlement consent judgment"; "individual borrowers are merely incidental beneficiaries of the National Mortgage Settlement.").

14

**UNITED STATES BANKRUPTCY COURT**
**for the Northern District of California**

## COURT SERVICE LIST

Ronald H. Freshman, Debtors' Attorney

Stefan Perovich, Deutsche Bank's Attorney

Martha G. Bronitsky, Chapter 13 Trustee

# Notice Recipients

District/Off: 0971−5          User: rrombawa          Date Created: 3/30/2015

Case: 14−54193          Form ID: pdfeoc          Total: 3

**Recipients of Notice of Electronic Filing:**

tr          Martha G. Bronitsky          13trustee@oak13.com
aty          Ronald H. Freshman          ronfreshman@gmail.com
aty          Stefan Perovich          stefan.perovich@kyl.com

                                                            TOTAL: 3