RONALD H. FRESHMAN, Esq., SBN # 225136
Law Office of Ronald H. Freshman
3040 Skycrest Drive
Fallbrook, California 92028
Telephone: 858-756-8288
Facsimile: 858-964-1728

Attorney for Anton A. Rivera and Denise A. Rivera

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DIVISION OF CALIFORNIA**

| ANTON A. RIVERA AND DENISE A. RIVERA, <br><br> Debtors | BK CASE NO.: 14-54193 MEH 13 <br><br> **MOTION FOR STAY OF MARCH 30, 2015 ORDER PENDING APPEAL** <br><br> TELEPHONIC APPEARANCE REQUESTED |
|---|---|

TO HONORABLE JUDGE M. ELAINE HAMMOND AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

   Debtors Anton A. Rivera and Denise A. Rivera will and hereby do move the Court for a Stay of the Claim Amount pending the Appeal on the March 30, 2015 order (Doc. # 157).

///
///
///

1
Debtors Request For Stay Pending Appeal    BK No. 14-54193 MEH

## I. INTRODUCTION

This Court issued an order on March 30, 2015 establishing the claim amount as $532,272.10 and granting the claim in its entirety. As a result of this order, the Trustee has motioned for the matter to be dismissed on the basis the Riveras cannot confirm the plan at $4,400 monthly payments. However, this order is not final as the Riveras timely filed a Notice of Appeal, which is currently being briefed. Therefore, the Riveras respectfully request this Court to Stay this order until after the appeal.

## II. AUTHORITY TO GRANT THE STAY

Pursuant to Fed. R. Bankr. P. § 8005 this Court has authority to grant a stay pending appeal. The Riveras do not seek a stay on the adversary proceedings but do seek a stay on the increase of the monthly amounts being demanded and the Trustee's Motion to Dismiss based on those increased monthly amounts.

This Court has the discretion to grant the stay if the Riveras are able to show 1) the party is likely to prevail on the merits of its appeal; 2) the party will suffer irreparable injury absent a stay; 3) a stay will not cause substantial harm to other interested parties; and 4) a stay will not harm the public interest.

## III.     LEGAL ARGUMENT

### A. LIKELIHOOD OF SUCCESS

The Debtors, Anton A. Rivera and Denise A. Rivera (hereinafter "Riveras") sought protection of the Chapter 13 Bankruptcy for the specific reason that while they were paying well over the required payments as disclosed in their TILA Disclosure and called for in their Adjustable Rate Note, the servicers of the loan were increasing the principal balance of the loan and the required monthly payments.

On February 25, 2015 this Court held an evidentiary hearing in which the Chase representative claimed the ARM Note called for a "minimum payment"

and that all payments were to be applied to other charges, escrow, interest, and principal. However, what Dyer described was an Option ARM Note, not the ARM Note the Riveras actually signed. There was no "minimum payment[1]" payment called for in the Note that resulted in a negative amortization.

The Riveras' ARM Note as a whole, actually shows a variable interest rate that fluctuates on a monthly basis. Since the monthly payment is reset on an annual basis it is conceivable that in any given month the interest rate may have increased a payment, creating an underpayment of interest for that month that could not be assessed until the next year's adjustment and may result in a negative amortization. Further, the Deed of Trust set the priority of payments to be interest, principal, escrow, and then other charges – the exact opposite of how the servicers had applied the payments.

While this Court found the Chase representative testimony to be credible, the contract itself contradicts the Chase representative's interpretation, and this Court's interpretation of the ARM Note and Deed of Trust. *See O'Donnell v. Bank of Am., 2009 U.S. Dist. LEXIS 26642, 2009 WL 765670 (N.D. Cal. Mar. 20, 2009)* It is highly likely the Riveras will prevail on this issue in the Appeal.

The Deed of Trust also called for a specific application of payments. The Deed of Trust calls for payments to be applied to interest, principal, escrow and then other charges – the exact opposite of how the servicers applied the payments. The misapplication of the payments resulted in an improper increase in the principal balance, and monthly payments being demanded of the Riveras. This Court determined, based on the incorrect analysis of the ARM Note and the testimony of the Chase representative, that because no principal was called for, the priority of the application of payments made by

---

[1] Minimum payment is a "partial interest payment" that is described in Option ARM Notes; not such term is found in the Riveras ARM Note.

3
Debtors Request For Stay Pending Appeal    BK No. 14-54193 MEH

Case: 14-54193    Doc# 184    Filed: 08/13/15    Entered: 08/13/15 08:26:19    Page 3 of 12

the servicers was proper. This interpretation of the contract is not supported by the law and it is highly likely the Riveras will prevail on this issue on appeal.

In addition to the application of payments, the Riveras challenge the authority of Deutsche to collect money on behalf of undisclosed 3rd parties. This is an issue of 1st impression and while addressed by some District Courts, does not appear to be one addressed under the confines of a bankruptcy proceeding with the specific issues addressed in this matter. While the district courts considered the 3rd party payments post foreclosure; the Riveras have challenged the right of a creditor to seek secondary recovery of monies – which was not disclosed to this Court in the Proof of Claim; and the abnormal results of having the 3rd party's adverse interest interfere with the Riveras' promised HAMP modification. This Court found that because the payments were not done for the benefit of the Riveras that Deutsche can seek a second recovery on the monies it was already paid by the 3rd parties. The Riveras respectfully disagree; this appears to be a matter of 1st impression and there is no reason to assume the BAP will follow the trial court. The Riveras as appellants are just as likely to succeed on this issue as the appellees.

The Riveras do not deny they have a debt; they do dispute how much that debt is and to whom they owe it to.

**B. IRREPARABLE HARM**

"A party who desires to appeal is not obliged to seek a stay of the judgment pending appeal. However, if no stay is in effect, the prevailing party may treat the judgment of the bankruptcy court as final, notwithstanding that an appeal is pending." 10 Lawrence P. King, Collier on Bankruptcy P8005.01 (15th ed. rev.) (Lomagno v. Salomon Bros. Realty Corp. (In re Lomagno) (Bankr.1st Cir. 2005) 320 B.R. 473, 481.) In this mater, the Standing Trustee is treating the judgment as final notwithstanding the appeal and now has demanded for confirmation of the plan the monthly payments go from $1,500 to $4,100

(approximately) for the mortgage payment– an unsustainable amount for the Riveras to maintain. It is the exact kind of manipulation of monies legitimately owed that the Riveras sought bankruptcy protection. Here the Riveras believe that when they prevail on Appeal the monthly amounts will readjust down to approximately $1,700 to $2,100 monthly with no pre-petition arrears due. Demand of $4,400 will cause the Riveras to lose their bankruptcy stay protection through a court order dismissal of their bankruptcy, opening them to the threat of illegitimate-creditors seeking to foreclose their family home. The property is unique and irreplaceable and cannot be compensated through any monetary damages.

### C. HARM GREATER FOR RIVERAS THAN THE REAL CREDITOR

The real creditor is protected by both the monies being paid, and the property itself. The harm is greater to the Riveras who will lose their hard fought battle to be heard on the legal issues surrounding the servicing and ownership of the loan.

### D. PUBLIC INTEREST

The issues presented are of great importance in the bankruptcy field and a decision by an appellate court on the servicer servicing an ARM Note as an Option ARM with misapplication of payments; and the matter of 3rd parties making payments that a creditor seeks secondary recovery because those 3rd parties have no subrogation rights or secured interest, can have far reaching effect on the reorganization process of Chapter 13 debtors who are faced with the exact same issues.

///
///
///
///
///

5
Debtors Request For Stay Pending Appeal    BK No. 14-54193 MEH

Case: 14-54193    Doc# 184    Filed: 08/13/15    Entered: 08/13/15 08:26:19    Page 5 of 12

## IV. CONCLUSION

For all of the reasons detailed above, Debtors respectfully request the Court to stay its March 30, 2015 Order pending the appeal.

August 13, 2015     RONALD H. FRESHMAN

/s/Ronald H. Freshman

Attorney for Debtors,

Anton A. Rivera and Denise A. Rivera

RONALD H. FRESHMAN, Esq., SBN # 225136
Law Office of Ronald H. Freshman
3040 Skycrest Drive
Fallbrook, California 92028
Telephone: 858-756-8288
Facsimile: 858-964-1728
Attorney for Anton A. Rivera and Denise A. Rivera

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DIVISION OF CALIFORNIA

ANTON A. RIVERA AND DENISE A. RIVERA,

Debtors

BK CASE NO.: 14-54193 MEH 13

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEBTORS' REQUEST FOR RELIEF FROM ORDER OF JULY 27, 2015**

**TO THE HONORABLE E. HAMMOND, UNITED STATES BANKRUPTCY JUDGE; MARTHA BRONITSKY, CHAPTER 13 STANDING TRUSTEE; AND ALL CREDITORS AND PARTIES IN INTEREST:**

Anton A. Rivera and Denise A. Rivera ("Debtors") in the above caption Chapter 13 bankruptcy case hereby by, and through Counsel, move the Court pursuant to Fed. R. Civ. P. § 60 [Fed. R. Bankr. P. § 9024 ] for an Order of Relief to the July 27, 2015 Order. (Doc. # 177).

In response to the Standing Trustee's Motion to Dismiss and Debtors' Objection to the Motion to Dismiss this Court ordered the Debtors to increase their monthly mortgage payments from $1,500[2] to $4,170 per month ($1,500.00 to be paid to the Trustee; and $2,670.00 directly to Deutsche through its Counsel, with checks made out to Chase); as well as ordered the release of the funds held by the Trustee to Deutsche Bank.

On June 10, 2015 the honorable Judge Roger Efremsky, Chief Bankruptcy Judge signed an order, effective August 1, 2015 implementing the Northern District of California Bankruptcy Court Mortgage Modification Mediation (MMM) Program. In addition to the implementation of the Mortgage Modification Mediation Program, the Riveras situation has changed to whereas there income has increased by $300 per month and a reconsideration of a modification under the guidelines of HAMP may be feasible.

The Riveras therefore seek relief from the mortgage payment of $4,170 per month which will prevent the Riveras from completing the Chapter 13 Plan successfully. In addition, the Riveras will seek to additionally associate Selwyn Whitehead, a Northern District Bankruptcy Practitioner who recently completed the Northern California MMM training, as counsel for the specific and limited scope of Borrower representation for the MMM program if this Order is granted. Barring the Court's reconsideration of its July 27, 2015 order and relief from stay, the Debtors are not able to make the payment of $4,170 per month.

## ARGUMENT

**A. Court Has Authority to Grant Relief As Requested**

Fed. R. Bankr. P. § 9024 incorporates Fed. R. Civ. P. § 60(b)(6) into bankruptcy proceedings. Fed. R. Civ. P. § 60(b)(6) allows the Court to grant

---

[2] Debtors currently pay $1,834.12 per month, of which $1,500 is towards the Debtors ongoing mortgage obligation.

relief "any other reason that justifies relief." In this matter, the Riveras entered Bankruptcy protection in December 2012 to seek a reorganization of their debt, primarily the ARM Note debt. On August 1, 2015 the Northern District of California's Mortgage Modification Mediation Program was formally adopted. The Riveras had engaged in a mediation program with Chase in 2014 which was unsuccessful. The difference with this mediation program is the program utilizes experienced, professional mediators; changes in the HAMP Guidelines, and the Riveras' legal representation with a Northern California practitioner who has completed the MMM program training.

**B. Changes to Borrower's Circumstances Requires Review of Modification**

The Making Home Affordable Program was announced by the U.S. Department of the Treasury in February 2009 in an effort to help stabilize the housing market and provide relief for struggling homeowners. The Program has two components: the Home Affordable Refinance Program (HARP) and the Home Affordable Modification Program (HAMP). It is undisputed that JP Morgan Chase Bank, N.A. is currently a participating servicer under the US Department of Treasury's HAMP program; or that Debtors are eligible participants for the HAMP Tier 1 or Tier 2 program.

Pursuant to HUD's Supplemental Directive 10-01 when a borrower experiences a material change in their circumstances a servicer is required to review the borrower's eligibility for a HAMP modification. Here, the Debtors have experienced an increase in their income of approximately $300 per month.

Debtors herein request that their monthly payment to the Trustee (not to Deutsche) be recalculated based on a 31% payment of their income (matching the Tier 1 of HAMP) which would include all pre and post-petition arrears, in an effort to re-attempt mediation and modification discussions to complete

3

Debtors Request For Stay Pending Appeal    BK No. 14-54193 MEH

Case: 14-54193   Doc# 184   Filed: 08/13/15   Entered: 08/13/15 08:26:19   Page 9 of 12

their Chapter 13 bankruptcy. The estimated monthly payment would increase from $1,500 to approximately $1,700 or $2,000 plus the additional $334.52 for other creditors, which is a payment the Debtors can make.

**C. Debtors Request their Funds Not Be Distributed**

The Debtors do not oppose the Standing Trustee withdrawing its fees from the undistributed funds or distributing funds to unchallenged secured or unsecured claims (pro rated as applicable); but the debtors do oppose the distribution of their funds to Deutsche, who the Debtors adamantly deny is their creditor. Pursuant to § 1326(a)(2) :

> A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b) [11 USCS § 503(b)]. *See* 11 USCS § 1326

The delay in confirmation of this plan cannot be laid wholly at the feet of the Debtors, who have diligently sought resolution of the legal issues surrounding their Mortgage Note and Deed of Trust. To distribute the funds knowing full well that Debtors challenge Deutsche's standing prejudices Debtor's Adversary Proceeding. The distribution ordered by this Court demonstrates a bias of the Court and a premature determination that Deutsche is the valid, legal Creditor. Debtors respectfully request this Court to refrain from such determinations and relieve Debtors from this portion of the order.

**D. The Real Creditor is Not Prejudiced as Claim is Secured by Property**

The Promissory Note is secured by a Deed of Trust which between amounts paid by the Debtors and the value of the property more than adequately

protects the legitimate creditor for legal amounts due and owing on the ARM Note.

## CONCLUSION

The Debtors have been prejudiced from the unwarranted delays caused by the continuances granted to Deutsche on the accounting issues (that are now on appeal), and the premature dismissal of the Debtors Adversary Proceeding requiring the Debtors to seek an appeal on the ruling. Barring a return to mediation, Debtors cannot meet the monthly payments of $2,670.00 (which is an incorrect monthly mortgage amount) and the Plan Payment of $1,834.52 for a total of $4,504.52.

Date: August 13, 2015           LAW OFFICES OF RONALD H. FRESHMAN


                                /S/Ronald H. Freshman
                                Ronald H. Freshman, Attorney for
                                Anton A. Rivera and Denise A. Rivera

# CERTIFICATE OF SERVICE

I Hereby certify that a copy of the forgoing was duly served to the below as follows:
NOTICE OF MOTION FOR STAY AND NOTICE OF TIME TO OBJECT

____x____ CM/ECF
_____ Hand Delivery
_____ Mail
_____ Overnight Delivery Service
_____ Fax
_____ Email

Attorneys for Appellee; Deutsche Bank National Trust:
DAVID D. PIPER, CASB No. 179889
david.piper@kyl.com
STEFAN PEROVICH, CASB No. 245580
stefan.perovich@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate
Long Beach, California 90802
Telephone: (562) 436-2000
Facsimile: (562) 436-7416

    By: /s/ Ronald H. Freshman
        Ronald H. Freshman (CA SBN # 225136)
        3040 Skycrest Dive
        Fallbrook, CA 92028
        Telephone (858) 756-8288
        Facsimile (858) 964-1728
        ATTORNEY FOR DEBTORS   Date: August 13, 2015

6
Debtors Request For Stay Pending Appeal     BK No. 14-54193 MEH

Case: 14-54193    Doc# 184    Filed: 08/13/15    Entered: 08/13/15 08:26:19    Page 12 of 12