RONALD H. FRESHMAN, Esq., SBN # 225136
Law Office of Ronald H. Freshman
3040 Skycrest Drive
Fallbrook, California 92028
Telephone: 858-756-8288
Facsimile: 858-964-1728

Attorney for Anton A. Rivera and Denise A. Rivera

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DIVISION OF CALIFORNIA**

| | |
|---|---|
| In re: ANTON A. RIVERA AND DENISE A. RIVERA,<br><br>Debtors | BK CASE NO.: 14-54193 MEH 13<br><br>**DEBTORS' REQUEST FOR RETURN OF FUNDS TO DEBTORS**<br><br>Before the Honorable Judge Hammond<br><br>**HEARING**<br>**DATE**: September 24, 2015<br>**TIME**: 9:30 a.m.<br>**DEPT**: San Jose Courtroom 3070 |

Debtors, Anton A. Rivera and Denise A. Rivera ("Debtors") hereby submit, by and through counsel, their request for the return of all funds paid pre-confirmation and dismissal, to the Debtors pursuant to both Federal Civil Code and decisional law.

I.   INTRODUCTION

This is a Chapter 13 matter that was dismissed prior to confirmation of the plan. The question before this court is whether funds disbursed should be returned to the Debtors. USCS § 1326(a)(2) prohibits a trustee from making disbursements prior to confirmation; § 349(b) requires re-imbursement, or return, of all payments to Debtors. In an effort to prevent

the requirement of yet another appeal, the Debtors request this Court to follow the law and return their funds.

Of particular concern is in a November 24, 2014 BAP ruling, the BAP found the Debtors pled a valid and legal challenge to Deutsche Bank's claim to be the creditor of their mortgage. In what appears to be in defiance of the BAP order, this Court ordered the Standing Trustee to disburse the Debtors' payments to Deutsche without calendaring and resolving Debtors' legal claims against Deutsche. Deutsche is not and was not entitled to payments and Debtors must demand the return of mistaken payments to an illegitimate-creditor.

## II. BACKGROUND ON DISTRIBUTION

While there is quite a history on this Bankruptcy proceeding, this Motion is specific to the requirement of the Court to return the Debtors' funds based on the Court's dismissal of the Debtors' bankruptcy prior to confirmation of any plan.

In January 2013 the Debtors used their own savings account to deposit the required mortgage payment of $1,500 per month towards the mortgage interest and property taxes due the bankruptcy estate. They believed this was the correct amount due on the loan.

At the March, 12, 2013 Hearing (DOC #37) an oral order was issued by the Court, ordering the Riveras to transfer the funds from the savings account to the Trustee, and to direct all future payments to the Trustee, which were to be held by the Trustee until resolution of the adversary proceeding challenging Deutsche's claim to be the creditor. The Court noted, pursuant to the Riveras' breakdown of the monies, that $1,062.00 was to be for the interest due and the remaining balance for the property taxes. (This breakdown conflicted with the Debtors' proposed Chapter 13 plan in which the Debtors had stated they would pay $1,500 to the Trustee and pay the property taxes directly). The debtors also agreed to pay the flood and homeowners insurance outside of the plan. The Debtors paid the Hazard Flood Insurance (See Feb. 25, 2015 Evid. Hearing, Exh. K, p.2 dated 3/18/13) However, Chase returned the payment to the Riveras. (See Feb. 25, 2015 Evid. Hearing, Exh. K, p.2. dated 3/20/13)

On February 25, 2015 the Court held an evidentiary hearing on the amount of claim and the Riveras' objection to the proof of claim # 2. On March 30, 2015 the Court allowed the Proof of Claim # 2 in its entirety.

On April 13, 2015 the Debtors timely appealed the Court's March 30, 2015 order.

On April 16, 2015 the Standing Trustee motioned the Court for an order of dismissal on the basis the Debtors were required to make monthly payments of $17,040 per month. See Doc. #161, p.4:21-25

At the June 4, 2015 hearing the Court ordered Debtors to submit a 3rd Amended Plan on how they would pay the ongoing mortgage payments and arrears See Doc. #168.

On July 8, 2015 the Debtors submitted a plan objecting to any increase in their plan payments. See Doc. # 171.

At the July 23, 2015 hearing the Court found that the Debtors had failed to make their tax payments because the Riveras' plan had called for payment to the Trustee and payment of taxes outside the plan; and that the Debtors had failed to submit an appropriate Amended Plan as requested by the Court. See Doc. #176. Additionally the Standing Trustee complained of the burden of managing the funds being held for the creditors and requested authorization to disburse the funds pre-confirmation; which the court granted instructing the Standing Trustee to serve and lodge an order with the Court. See Doc. # 176.

On July 27, 2015 the Standing Trustee filed and served the "Proposed Order Permitting Distributions Prior To Confirmation". See Doc. # 177. The Court, without giving the Debtors the appropriate amount of time to submit a written opposition, then signed the Order on August 5, 2015. See Doc. # 179.

Debtors timely filed a Motion for Relief from the order two days later, on August 7, 2015, setting the hearing date for September 3, 2015. See Doc. # 180.

On August 11, 2015 the Trustee disbursed the funds; and on August 13, 2015 the Court dismissed the Debtors Chapter 13 for failure to make their September 2015 payment. (Of note, the only time the Debtors ever missed a payment). See Doc. # 188.

### III. RELEVANT STATUTORY PROVISIONS AND RULES OF PROCEDURES

Pursuant USCS § 1326(a)(2) A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b) [11 USCS § 503(b)]. A trustee is prohibited from making payments to creditors until a plan is confirmed. In re Woods, 2012 Bankr. LEXIS 2848, *1, 2012 WL 2343897 (Bankr. D. Idaho June 20, 2012); Language of § 1326(a)(2) was clear and unambiguous, and its dictates had to be followed. In re Van Etten, 2007 Bankr. LEXIS 4908, *1, 2007 WL 7541009 (B.A.P. 9th Cir. June 19, 2007).

11 U.S.C. § 349(b)(3) (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title. (*In re Lewis* (Bankr.E.D.Pa. 2006) 346 B.R. 89, 98.)

### IV. TRUSTEE IS LEGALLY REQUIRED TO RETURN FUNDS

Section 1326(a)(2) states that "a payment made under this subsection shall be retained by the trustee until confirmation or denial of confirmation of a plan . . . If a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title." 11 U.S.C. § 1326(a)(2) (emphasis added). The term "such payment" refers to section 1326(a)(1) which requires a chapter 13 debtor to begin "making the payments proposed by a plan within 30 days after the plan is filed." *Cohen v. Tran (In re Tran)*, 309 B.R. 330, 337 (9th Cir. BAP 2004), aff'd, 177 Fed. Appx. 754 (9th Cir. 2006) as cited by In re Van Etten, 2007 Bankr. LEXIS 4908, *10-11, 2007 WL 7541009 (B.A.P. 9th Cir. June 19, 2007)

There is no dispute that Debtors made the payments; there is no dispute the plan was not confirmed; there is no dispute the bankruptcy has been dismissed. As such, the Trustee is required to return those funds to the Debtors.

### 1. Law Does Not Allow for Distribution Prior To Confirmation

In this matter, the Debtors originally deposited their payments into a separate savings account, providing evidence of the monthly payments to the Standing Trustee, on the premise that once the legal, valid creditor was identified the payments would be forwarded to their creditor. Keeping payments separate for the purpose of ensuring the payments are not made to the wrong party is a reasonable accommodation.  See *(De la Salle v. U.S. Bank, N.A. (In re De la Salle)* (Bankr.9th Cir. 2011) 461 B.R. 593.) [Allowing payments into a block account; dismissed on the basis the Debtor failed to make the payments into the blocked account]

On March 12, 2013 the Court ordered the Debtors to transfer the savings account funds and make all future plan payments to the Standing Trustee; and ordered the Standing Trustee to retain the funds until the issue of the Creditor was resolved and the plan confirmed.

On July 23, 2015 at the hearing for the Motion to Dismiss, the Trustee complained of the burden of having to manage the funds – rather than returning the funds to the Debtors to redeposit into their savings account, the Court instructed the Trustee to disburse the funds – even though disbursement prior to confirmation is not allowed and Deutsche has not proven it is the creditor entitled to the payments.   The Trustee submitted the proposed order on July 27, 2015, which the Court signed on August 5, 2015. Debtors filed a motion for relief from the order[1] on August 7, 2015 with a hearing date set for September 3, 2015.  Prior to the hearing, on August 13, 2015 the Court dismissed the Debtors' Chapter 13 bankruptcy.

### 2. Law Requires Return of Funds to Debtors

When a Chapter 13 case is dismissed, funds held by the trustee must be returned to the debtor. See *Williams v. Marshall (In re Williams)*, No. 13-2326 (N.D. Ill. Apr. 11, 2014). Respectfully, the code and decisional law cannot be any clearer. The law is the law and pursuant to § 349(b) re-imbursement of all payments made, be returned to the Debtors. *In re*

---

[1] Debtors inadvertently identify the Order as July 27, 2015 order.

*Michael*, 699 F.3d 305, 312-13 (3d Cir. 2012); see also *In re Tran*, 309 B.R. 330, 337 (B.A.P. 9th Cir. 2004)

The purpose of § 349(b)(3) is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case. E.g., *In re Petty*, 848 F.2d 654 (5th Cir. 1988); *France v. Lewis & Coulter, Inc.* (In re Lewis & Coulter, Inc.), 159 B.R. 188 (Bankr. W.D. Pa. 1988). (*In re Lewis* (Bankr.E.D.Pa. 2006) 346 B.R. 89, 104.) as such it would be improper, inequitable and in violation of the code for the money to not be returned to the Debtors, especially given the money was sent to the *wrong creditor*.

**3. Payment to Deutsche was Prejudicial, Biased and In Defiance of BAP November 24, 2014 Order**

On November 24, 2014 the BAP remanded the adversary proceeding, number 14-5108 for further proceedings by this Court. See Doc. 14-05108 The BAP agreed with the Debtors that the Debtors had validly pled a claim for TILA violation and challenged Deutsche's claim to be their creditor. Eight months later, while this matter remained pending (awaiting this Court calendaring the adversary proceeding) and knowing that Deutsche had not established its claim to be the creditor – this Court order disbursement of pre-confirmation funds to Deutsche.

The court denied the Debtors' request for entry into the new Modification Mediation Program on the basis that the Debtors adamantly denied Deutsche as their creditor; but then disbursed the Debtors' funds to Deutsche and has now required Debtors to brief the Court as to why the parties should be returned to the original position, including return of the funds to the Debtors. Bottom-line, Deutsche is not the creditor and is not entitled to the payments. The law says that when the Chapter 13 is dismissed before confirmation, all funds are to be returned. Debtors request the Court to follow the law and return the funds.

**CONCLUSION**

The congressional policy of encouraging debtors to repay creditors via Chapter 13 is furthered by debtors (and their counsel) knowing they will not be penalized for attempting

6
Motion to Return Funds to Debtors    BK No. 14-54193 MEH

Case: 14-54193   Doc# 200   Filed: 09/03/15   Entered: 09/03/15 19:54:00   Page 6 of 8

a Chapter 13. (<u>In re Boggs</u> (Bankr.W.D.Wash. 1992) 137 B.R. 408.) When a Chapter 13 proves to be unavailing, "no reason or policy suggests itself why creditors should not be put back in precisely the same position as they would have been had the debtor never sought to repay his debts…" <u>In re Bobroff</u> (3d Cir. 1985) 766 F.2d 797 at 803 (quoting In re Hannan, 24 B.R. 691, 692 (Bankr. E.D.N.Y. 1982)). Dismissal requires all funds paid by the Rivera's be returned to the Riveras.

Date: September 3, 2015         LAW OFFICES OF RONALD H. FRESHMAN

By:    /s/ Ronald H. Freshman

Ronald H. Freshman, Attorney for

Anton A. Rivera and Denise A. Rivera

7
Motion to Return Funds to Debtors     BK No. 14-54193 MEH

Case: 14-54193   Doc# 200   Filed: 09/03/15   Entered: 09/03/15 19:54:00   Page 7 of 8

# CERTIFICATE OF SERVICE

I Hereby certify that a copy of the forgoing was duly served to the below as follows:
NOTICE OF MOTION AND MOTION FOR RELIEF FROM STAY

____x____ CM/ECF
_____ Hand Delivery
_____ Mail
_____ Overnight Delivery Service
_____ Fax
_____ Email

Attorneys for Appellee; Deutsche Bank National Trust:
DAVID D. PIPER, CASB No. 179889
david.piper@kyl.com
STEFAN PEROVICH, CASB No. 245580
stefan.perovich@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate
Long Beach, California 90802

Chapter 13 Trustee
Martha G. Bronitsky
13trustee@oak13.com


By: /s/ Ronald H. Freshman
Ronald H. Freshman (CA SBN # 225136)
3040 Skycrest Drive
Fallbrook, CA 92028
Telephone (858) 756-8288
Facsimile (858) 964-1728
ATTORNEY FOR DEBTORS    Date: September 3, 2015